# Ferguson, Appellant, *v.* Pittsburgh.

*Appeals from tax assessments—Penalty—Act of April 19, 1889.*

Under the act of April 19, 1889, P. L. 37, relating to appeals from tax assessments, and providing that appeals "shall not prevent the collection of the taxes," if the city does not attempt to collect the taxes pending the appeal, it will be assumed that it voluntarily decided to await the event of judgment on appeal, before treating the taxpayer as delinquent, and if, as soon as the appeal is determined, the appellant promptly tenders the amount properly owing by him, the penalty for nonpayment of the tax at the time it was due cannot be exacted from him by the city.

*Statutes—Repeal—Collector of delinquent taxes of Pittsburgh—Acts of March 15, 1878, and March 22, 1877.*

The office of collector of delinquent taxes of the city of Pittsburgh was not abolished by the act of March 15, 1878, P. L. 7. The act of March 22, 1877, P. L. 17, which established the office, was repealed only as to those particulars wherein it is inconsistent with the act of 1878.

Argued Nov. 10, 1893.   Appeal, No. 301, Oct. T., 1893, by plaintiff, E. M. Ferguson, from decree of C. P. No. 1, Allegheny Co., Sept. T., 1893, No. 375, dismissing bill in equity.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Bill in equity to restrain collection of penalty for nonpayment of taxes when due.

The bill averred, among other things, that on April 16, 1892, plaintiff appealed from the triennial tax assessment of 1892 to the common pleas, and on June 23, 1893, that court decided the assessment illegal and reduced the amount.   On July 19, 1893, plaintiff tendered the amount, fixed by the court, to the city treasurer, who refused to accept it, and on the same day to the collector of delinquent taxes, William R. Ford, who also refused to accept it, unless plaintiff should pay in addition a penalty of five per cent, under an ordinance of the city of Pittsburgh, allowing the collector that percentage on delinquent taxes.   Plaintiff filed the bill in this case, averring, among other things, that he was not delinquent, and that the office of delinquent tax collector, created by the act of March 22, 1877, P. L. 17, was abolished by the act of March 15, 1878, P. L. 7, and praying that the collection of the penalty be enjoined.

The court below held that plaintiff was liable for the penalty and dismissed the bill, saying, as to the repeal of the act of 1877, in an opinion by STOWE, P. J.:

"The act of March 22, 1877, to which the act of March 15, 1878, is a supplement, provides that 'the compensation of such collector shall be ten per centum on the amount collected and paid into the city treasury, which said ten per centum shall be added to said delinquent taxes and water rents as penalty for nonpayment at the time herein prescribed.'   The act of March 15, 1878, abolished the office created by that act and provided for the creation of a new one of the same name and powers by another authority, but the act of 1877 is repealed no further than is necessary to give effect to the act of 1878, and only so far as is plainly inconsistent therewith.   For what are considered 'delinquent taxes' we must look to the act of 1877 as well as for the duty of the treasurer in regard to such taxes, and also the general duties of the tax collector and the source whence the compensation of the collector is to be derived,

and that is specifically directed to be from a per centum of the amount collected and paid into the city treasury, which shall be added to said delinquent taxes and water rents as a penalty for nonpayment. It is (in my opinion) clear that the above clause of the act of 1877 is still in force, except so far as the amount of the percentage is changed by ordinance under authority of the act of 1878."

*Error assigned* was dismissal of plaintiff's bill.

*Wm. M. Hall, Jr., John Wilson* with him, for appellant cited : As to right to injunction: Act of June 16, 1836, P. L. 790, St. Clair School Board's Ap., 74 Pa. 252; Banger's Ap., 109 Pa. 81; Pelton v. Nat. Bank, 101 U. S. 143.

As to repeal of statute: Acts of March 22, 1877, P. L. 17 ; March 15, 1878, P. L. 7 ; Pierpont v. Crouch, 10 Cal. 315 ; Sutherland on Stat. Const. § 137; Wells v. Supervisors, 102 U. S. 625; Chandler v. Hanna, 73 Ala. 390 ; Endlich on Statutes, sec. 276 ; Del. Div. Canal Co. v. Com., 50 Pa. 399.

As to imposition of penalty; Jones v. Cincinnati, 18 Ohio, 323; Beach, Public Corp. § 1425; Northern Liberties v. St. Johns' Church, 13 Pa. 104 ; Act of April 17, 1861, P. L. 355; Borough v. Telephone Co., 22 W. N. 572 ; Act of March 22, 1877, P. L. 17 ; Dillon, Mun. Corp., 3d. ed. §§ 763, 765 ; Augusta v. Dunbar, 50 Ga. 387; Gridley v. Bloomington, 88 Ill. 555; Bucknall v. Story, 36 Cal. 67; Pittsburgh v. Young, 3 Watts, 363 ; Phillips v. Allen, 41 Pa. 481; Municipality v. Pauce, 6 La. An. 515 ; State v. Pantamia, 34 La. An. 750 ; A. & E. Enc. L., title, Mun. Corp. p., 1041.

*Robert S. Frazer, Wm. C. Moreland* with him, for appellees, cited : Com. v. McFerron, 152 Pa. 248 ; Improvement Co. v. Com., 94 Pa. 450; Titusville's Ap., 108 Pa. 603; Hacke v. Pittsburgh, 24 Pitts. L. J. (N. S.) 16.

OPINION BY MR. JUSTICE DEAN, January 2, 1894 :

In January, 1892, the board of assessors of the city of Pittsburgh made the triennial assessment of property subject to taxation for city purposes, classifying it under the provisions of act of May 15, 1876, as : 1. Built up property. 2. Rural prop-

erty, 3. Exclusively agricultural property. Appellant's property was classified as rural, its valuation fixed at $232,359, and assessed at a rate two thirds of the full valuation, making the tax to be paid by him $6,706.06.

This appellant, under the authority conferred by the act of 19th of April, 1889, on the 16th of April, 1892, appealed from both classification and valuation made by the board of assessors to the court of common pleas. Final decree in the appeal was not had until June 23, 1893, when the court decided the assessment of appellant's property illegal, and reduced the amount of taxes charged against him from $6,706.06 to $3,076.50. The act of 1889, under which the proceedings in the appeal were had, directs that the court, after hearing and proofs, shall " make such orders and decrees touching the matters complained of, as to the judges of said court may seem just and equitable, having due regard to the valuation and assessment made of other real estate in such county or city ; the costs of the appeal and hearing to be apportioned or paid as the court may direct. Provided, however, that the said appeal shall not prevent the collection of the taxes complained of, but, in case the same shall be reduced, then the excess shall be returned to the person or persons who shall have paid the same."

The appellant immediately tendered to the collector the tax, $3,629.56, the amount adjudged to be owing, but the collector demanded five per cent additional, as the penalty for the delinquency resulting from the litigation ; payment of the penalty was refused, and thereupon the collector threatened summary collection of both tax and penalty by advertisement and seizure of appellant's property. Appellant then filed this bill, averring : (1) That he was not delinquent, therefore the penalty was illegally charged against him. (2) That the office of collector of delinquent taxes had by law been abolished, and the powers and functions thereof no longer existed. (3) That the ordinance of councils appointing the collector, in so far as it also imposed a penalty on delinquent taxpayers, is unauthorized, because it contains more than one subject, and one of them is not expressed in the title ; and praying for an injunction to restrain the collector, which was awarded, pending hearing. On final hearing, however, the court dismissed the bill, and from that decree comes this appeal. The appellant presses, in

argument, the three objections already noticed, the overruling of which by the court below constitutes his assignments of error.

We are not furnished with a copy of the decree on the appeal from the assessment, nor the reasons for it ; we only know there was a reduction of about one half the taxes assessed against appellant. So far as appears, no attempt was made to collect the taxes beyond the assessment of them ; then, the appeal was taken.

The act says : " The said appeal shall not prevent the collection of the taxes complained of, but, in case the same shall be reduced, then the excess shall be returned to the person or persons who shall have paid the same." The city made no demand from appellant ; gave no notice of an intention to add the penalty for the delay about to result from the appeal ; apparently acquiesced in the taxpayers' retention of the money in the interval between appeal and judgment. Under the proviso to the act, " the said appeal shall not prevent the collection of the taxes," we must assume the city voluntarily decided to await the event of judgment on the appeal before treating the taxpayer as delinquent. As soon as that was determined, appellant promptly tendered the amount owing by him, and could not then be in default. To say the taxpayer is delinquent merely because, without demand, he does not pay over more than $6,000 of his money, when he believes he does not owe more than $3,000, and it afterwards turns out, by judicial decree, he was in the right, it seems to us is a misapplication of the term delinquent. Clearly, by the inaction of the city, its demand was held in abeyance until the adjudication on the appeal, and during this interval there was no such delinquency as warranted the imposition of the penalty imposed by the act.

It is not necessary in this issue to attempt a definition of the exact extent of legislative power in the imposition of penalties. They could be imposed in cases of captious or wholly groundless litigation. But the legislature could not authorize confiscation of property under the color of taxation, and then impose a heavy penalty for resorting to the courts, whereby to legally resist payment. The 11th section of article 1 of the Declaration of Rights would forbid this. But a taxpayer might, and perhaps often would, without any meritorious ob-

jection to the assessment, grasp at the delay incident to litigation, as a means of postponing his day of contribution to the public burden, and thereby become clearly delinquent. Delinquency is only another name for gross neglect to perform a lawful obligation, or willful default, either of which is a proper subject for penalties. As the legislature could have granted the city the taxing power without providing any appeal from the assessment, it could certainly say, such appeal should not prevent the collection of the taxes. The harshness of this act is not in declaring the appeal shall not prevent collection, but in the indiscriminate imposition of the penalty and the failure to provide for complete restitution. It may be highly inconvenient to the municipality to await the end of litigation for the taxes necessary to carry on the government, and perhaps it is to the interest of good government to enforce prompt payment of contested assessments, but it is also to the interest of good government to afford prompt redress to the wronged taxpayer. Giving literal effect to the words of the proviso of the act of 1889, a penalty is imposed upon the complaining taxpayer, no matter how flagrantly unlawful may be the demand upon him, if the attempt to collect be resisted by appeal. Take the case in hand; the act directs the taxes complained of may be collected, notwithstanding the appeal, but, if they be reduced, then the excess shall be returned to him. If, on the day Ferguson took his appeal, he had paid the $6,706.06 assessed, there could have been no claim by the collector for the penalty, $181.47, for delinquency on the $3,629.56 afterwards adjudged to be owing; but if, on the 16th of April, 1892, the day he took the appeal, he had paid the $6,706.06 assessed, the city would have had $3,076.50 of his money for over fourteen months. As the act makes no provision for the payment of interest, he would have lost this, which at 6 per cent is $215. Then there is no provision made for the prompt return of the excess; in the meantime, the city has disbursed it; repayment may not be convenient; the taxpayer has at most a legal demand, enforceable by suit against the city, as in case of any other liability. So, whether the taxpayer pays before or after litigation, if appellee's contention be sustained, he pays a penalty for resorting to legal proceedings to resist an unlawful exaction. We think this indiscriminate imposition of the pen-

alty contended for, upon the willfully delinquent and also upon the one who honestly exercises his lawful right of appeal from the unconscionable assessment, calls for amendment.

As to the second objection, that the office of collector of delinquent taxes was abolished, and its functions wholly dispensed with by the act of 1878, we concur with the learned judge of the court below, for the reasons given by him, in holding that the act of 1877 was repealed only in those particulars wherein it is inconsistent with the act of 1878.

The two acts must be read together, and thus read they provide that: (1) At the end of the term of the collector appointed by the treasurer under the act of 1877, the office of collector of delinquent taxes shall be abolished. (2) Select and common councils are authorized to create and establish an office for the collection of delinquent taxes and water rents. (3) In joint convention they are empowered to elect a suitable person to the office, and fix his compensation by ordinance.

Under this authority, by ordinance of Sept. 25, 1882, councils performed all the duties enjoined by the act of 1878, with reference to the establishment of the office of collector of delinquent taxes.

Having already seen that by the inaction of the city in this case, under the legislation both state and municipal, the appellant was not delinquent, it benefits no one to discuss and pass upon his third objection, that the ordinance is not constitutional because containing more than one subject. If the case turned upon it, our duty to decide it would be clear. But in view of our opinion on the first question, this last one is wholly immaterial to this appellant.

It is ordered that the bill be reinstated and that William R. Ford, collector, be and is hereby enjoined from collecting said penalty of five per cent, on payment to him by said E. M. Ferguson of said $3,629.56, amount on his appeal from assessment adjudged to be owing by him; and, further, that appellee pay the costs of this appeal, and the costs in the court below.