## Swenson v. City of Philadelphia

*Moore, Gossling & Panfil,* for plaintiff.

*John J. Elcock,* assistant city solicitor, for defendant.

KUN, J., December 22, 1932.—This is an appeal from the tax assessment for the year 1932 of real estate of the plaintiff situate in the City of Philadelphia. The court entered a decree dismissing the appeal and confirming the assess-

ment made. Thereafter, the appellant tendered the amount of the taxes due, but the receiver of taxes demanded penalties which had accrued thereon, refusing to accept the amount tendered as full payment. The court thereupon entered a supplemental decree requiring the receiver of taxes to accept the taxes due without penalty. This was done on the authority of Ferguson *v.* Pittsburg, 159 Pa. 435. The city thereupon filed an exception to this supplemental decree, drawing the court's attention to the Act of June 12, 1931, P. L. 548, amending section one of the Act of April 19, 1889, P. L. 37, relating to appeals from assessments of real estate, the amendment being:

"And provided further, That the appellant may pay the amount of the tax alleged to be due by reason of the assessment appealed from into the court to which such appeal is taken; whereupon said court shall allocate and pay over to the proper authorities such amount of said tax as shall appear to said court to be reasonably free from dispute, and the remainder of the amount paid in shall be held by the court pending the final disposition of the appeal."

At the argument on the exceptions no point based on this amendment was made by the city, conceding, evidently, that the amending proviso merely gives the taxpayer a permissive right without changing in any way the rights and obligations of the parties.

It becomes necessary, therefore, to consider the Ferguson case to determine whether the ruling therein is applicable to the case before us. While other points are mentioned in the opinion of the court in that case, the rationale of the opinion may be found in the following statements of the court at page 439:

"The city made no demand from appellant; gave no notice of an intention to add the penalty for the delay about to result from the appeal; apparently acquiesced in the taxpayers' retention of the money in the interval between appeal and judgment. Under the proviso to the act [of 1889], 'the said appeal shall not prevent the collection of the taxes,' we must assume the city voluntarily decided to await the event of judgment on the appeal before treating the taxpayer as delinquent. . . . Clearly, by the inaction of the city, its demand was held in abeyance until the adjudication on the appeal, and during this interval there was no such delinquency as warranted the imposition of the penalty imposed by the act."

We find, however, that this reasoning cannot be applied to the collection of taxes in Philadelphia County because in the instant case the city could not have proceeded to collect the taxes due during the pendency of the appeal because they were not delinquent under the law. It is to be noted that the Ferguson case was concerned with taxes due the City of Pittsburg, governed by the Act of March 22, 1877, P. L. 16, providing for the levy and collection of taxes in cities of the second class only, namely, Pittsburg. It is this act which the court had in contemplation. That act provides that taxes shall be levied in the months of January or February and shall be payable one-half during the month of March and the remaining one-half during the month of September, and all taxes unpaid at the end of the month in which the same are payable shall be deemed delinquent and shall be placed in the hands of the collector for collection, the first half on or before July 15th and the last instalment on or before October 15th.

In Philadelphia, however, taxes are not delinquent until after the end of the year in which they have been assessed. The Act of April 19, 1883, P. L. 9, No. 10, Sec. 2, provides that:

"In all cities of the first class, the receiver of taxes therein, shall, on or before the fifteenth day of January, in each and every year, have prepared a registry

of all outstanding or delinquent taxes, of the previous year, due and owing said cities, and shall immediately proceed upon all such delinquent taxes, rates, and levies, for the collection thereof, and to collect the same, by distraint or otherwise, either out of the personal property on the premises, or the personal or real estate of the delinquent owner wherever the same may be found, whether in his own possession, or in that of any trustee or other person for him, or in the possession of his executors, administrators, or legal representatives."

This was followed by the Act of July 21, 1913, P. L. 863, Sec. 1, as follows: "The books of the receiver of taxes shall be opened annually, on the twenty-fifth day of January, and the payment of taxes shall commence at that time. The receiver of taxes shall close the books of the preceding year annually, on the thirty-first day of December. Public notice thereof shall be given fifteen days prior thereto. Immediately after the books are closed the receiver of taxes shall proceed to register all delinquent taxes, and shall annually, on the twenty-fifth day of January, place the said register in the hands of the collector of delinquent taxes."

It is apparent that the City of Philadelphia cannot compel the payment of taxes during the year in which they are assessed, as said taxes are not delinquent until January of the following year, as pointed out in Pusey's Estate, 299 Pa. 325, 329, as follows: "The amounts due for 1926 could be paid after January 25th (Act of July 21, 1913, P. L. 863), yet neither the city nor school district could force the collection until the year had gone by, though certain penalties for delay might have attached after August 31st of the year in which they were payable."

It follows in the instant case that the city could not have proceeded against the taxpayer during the pendency of his appeal, which in fact was considered and dismissed, and the assessment confirmed, before the taxes became delinquent. They are not yet delinquent, and the city even now cannot proceed to collect them and will not be able to do so until after January 1st next. It is clear to us, therefore, that because of the difference pointed out in the statutory provisions relative to delinquency in the payment of taxes and the right of the city to proceed to collect the same during the pendency of an appeal from the assessment thereof, as between Pittsburg and Philadelphia, the reasoning in the Ferguson case cannot be applied in cases arising in Philadelphia. When the basis or reason for a ruling in a cited case does not exist in the case under consideration, the ruling cannot be applied.

As we have stated, the proviso in the amending Act of June 12, 1931, P. L. 548, though not mandatory, but permissive merely, nevertheless gave the taxpayer the privilege of paying the amount of the taxes assessed into court, whereupon the court would have allocated and paid over to the proper authorities such amount of said tax as would have appeared to the court to be reasonably free from dispute and the remainder of the amount held by the court pending the final disposition of the appeal, by reason of which fact, if it should have been determined that the tax was excessive, the fund, being in the custody of the court, would have been readily available for repayment to the taxpayer, meeting at least one of the points made in the Ferguson case suggesting the difficulty of recovering money paid to the city.

The appellant did not follow this course and it was his privilege not to follow it. However, under the law, as it relates to Philadelphia, the appellant is chargeable with the penalties prescribed by law on his unpaid taxes.

Exceptions to the supplemental decree nisi are sustained, leaving the original decree in force as first entered.