## Kugelman's Appeal

*Fox, Rothschild, O'Brien & Frankel,* for appellant.

*David J. Smyth,* city solicitor, *Mayne R. Longstreth* and *Irvin A. Winegrad,* assistant city solicitors, for appellee.

BROWN, JR., J., February 2, 1933.—This is an appeal from tax assessment. The board of revision of taxes assessed appellant's property at Erie Avenue, "L" and "M" Streets, Philadelphia, for the year 1932, in the sum of $178,000. Appellant avers in his petition that the assessment was excessive, unfair and unequal. The answer denies this and avers that it was just, fair and equal and made with due regard to the assessment and valuation of other real estate throughout the City of Philadelphia.

From the admissions in the pleadings and the testimony, I make the following

### Findings of fact

1. The appellant is the owner of premises situated on Erie Avenue, "L" and "M" Streets, Philadelphia, more particularly described in his petition.

2. The property faces on three streets, Erie Avenue, "L" Street and "M" Street, and the south side runs along a three-foot wide alley in the rear of dwelling houses fronting on Carey Street. It is irregular in shape, the southeast corner of Erie Avenue and "L" Street and the southwest corner of Erie Avenue

and "M" Street having been sold and used for gasoline service stations. The area of the ground is approximately 164,000 square feet. There are two buildings on the property used as a hosiery mill.

3. The property was assessed for the year 1932 in the sum of $178,000.

4. The fair market value of the property at the time it was assessed for purposes of taxation for the year 1932 was $173,500.

## Discussion

Two real estate experts were called by the appellant and three on behalf of the city. The latter each valued the property as a whole at $173,500. One of the appellant's experts placed a value thereon of $135,500, and the other one valued it at $139,800.

One of appellant's experts valued the ground at $57,540 (35 cents a square foot) and the other at $65,600 (40 cents a square foot). The three experts for the city each valued it at $98,500 (60 cents a square foot). No complete description of the buildings was given as the city admitted their value to be $78,000, which was placed thereon by one of appellant's experts. However, the evidence in this respect favors appellant, as his other expert valued the buildings at $74,200 and those for the city at $75,000. Of course, the question "is not whether the value placed upon certain constituent elements properly entering into the value of the subject of taxation is just and equitable, but whether the assessment of the subject as a whole is just and equitable:" Pittsburgh Terminal Coal Company's Appeal, 83 Pa. Superior Ct. 535, 537, 538.

The weight of the evidence upon the value of the property as a whole is in favor of the city, and that I feel bound to follow. No duty is cast upon the court itself to determine what prices properties would probably "bring at a fair public sale:" Metropolitan Edison Company's Appeal, 307 Pa. 401, 405.

"The weight of the evidence should be decisive with the court. . . . It is not for the court to fix the valuation of a tract of land at what he as an individual might think it is worth, but his conclusion should be based upon the evidence introduced by the parties. If the testimony be conflicting, . . . it is the duty of the court to consider the same and decide the issue involved having due regard to the weight of the evidence:" The Lehigh Valley Coal Co. v. Northumberland County Comm'rs, 250 Pa. 515, 524, 525.

The experts referred to sales of similar properties, and also to the prices at which the two corners of appellant's property on Erie Avenue, at "L" and "M" Streets, were sold, and took them into account as well as the location and purposes for which they were used and the weight to be given to them. Although these are not conclusive (Metropolitan Edison Company's Appeal, supra, pp. 404, 405), they substantiate the valuation of appellant's property by the city's experts.

The Act of June 12, 1931, P. L. 548, amending section 1 of the Act of April 19, 1889, P. L. 37, provides that "the appellant may pay the amount of the tax alleged to be due by reason of the assessment appealed from into the court to which such appeal is taken; whereupon said court shall allocate and pay over to the proper authorities such amount of said tax as shall appear to said court to be reasonably free from dispute, and the remainder of the amount paid in shall be held by the court pending the final disposition of the appeal." This relieves the harshness of the provision of the Act of 1889 that an appeal should "not prevent the collection of taxes complained of" and for the return of the excess to the person or persons who paid it, which was discussed and criticized in Ferguson v. Pittsburgh, 159 Pa. 435, 440, 441. It affords the appellant relief from the imposition of penalty as well as the prompt return of such excess, and it seems to me that if the procedure therein provided for is not fol-

lowed, penalty for the nonpayment of the tax at the time it was due may be exacted by the city.

I have, therefore, come to the following

### Conclusions of law

1. The fair market value of appellant's property at the time it was assessed for purposes of taxation for the year 1932 was $173,500.

2. The appeal from the assessment made by the Board of Revision of Taxes should be sustained and the assessment reduced from $178,000 to $173,500.

3. Appellant should pay to the City of Philadelphia the amount of tax due thereon for 1932 with penalty prescribed by law.

### Decree nisi

And now, to wit, February 2, 1933, upon consideration of the foregoing case, it is ordered, adjudged and decreed that the appeal of Jacob Kugelman from the assessment of valuation for taxation of real estate situated on Erie Avenue, "L" and "M" Streets, Philadelphia, made by the Board of Revision of Taxes of the City of Philadelphia, for the year 1932, be and it is hereby sustained, said assessment is reduced from $178,000 to $173,500, and the said Jacob Kugelman shall promptly pay to the City of Philadelphia the amount of tax due thereon for 1932 with penalty.

The prothonotary will enter a decree nisi in the terms above set forth, and will notify counsel thereof, and of the filing of these findings and conclusions; and, further, that if exceptions are not filed thereto within ten days from the receipt of said notice a decree absolute in the sense of the decree nisi will be entered.

NOTE.—Exceptions to the foregoing decree were dismissed by the court without opinion on February 27, 1933. This decision modifies the conclusion reached in Integrity Trust Co. v. Fell et al., 17 D. & C. 97, as to liability for penalty on account of delay in payment of the tax.