## Commonwealth v. Givin, Appellant.

*Taxation—Mercantile appraisers—Eating houses.*

The Act of April 10, 1849, P. L. 570, applies to eating houses, and restaurants, not connected with beer houses. As long as the act is unrepealed the courts are unable to say that it is not in force for the reason that the purposes for which it was passed do not now exist.

The Act of April 10, 1894, P. L. 184, relating to restaurants and eating houses is not repealed by the act of May 2, 1899, which applies to retail vendors, and dealers in goods, wares and merchandise.

Argued Oct. 14, 1902. Appeal, No. 83, Oct. T., 1902, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1901, No. 1662, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth v. J. F. Givin. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from decision of board of mercantile appraisers.

Rule for judgment for want of a sufficient affidavit of defense.

The plaintiff's statement set forth that the defendant had been assessed the sum of $210.50 for a license tax as a keeper of an eating house and restaurant.

The defendant filed the following affidavit of defense.

Plaintiff seeks to recover the sum of $200, being the amount of mercantile tax assessed against him for the year 1901, under the provisions of the act of assembly, approved April 10, 1849, P. L. 570, and entitled " An act to create a sinking fund, and

to provide for the gradual and certain extinguishment of the debts of the commonwealth," his place of business having been classified as of the "first class" under section 22 of said act. The place of business of the defendant, for which he has been so assessed, is at No. 20, North Ninth street, Philadelphia: The character of business conducted by him is that known as "Light Lunch Café." The articles of food sold by him, at said place of business, are purchased from others, worked over, prepared for sale by him, and sold by him at retail.

That he is advised and believes that the said act of April 10, 1849, is not now in force, for the reason that the purposes for which it was passed do not now exist.

He is advised and believes that he should not be taxed under the said act of April 10, 1849, for the reason that under section 20, of the said act, taxes should only be assessed upon restaurants or other hotels, wherein beer, ale or other malt liquors are sold.

That under section 23 of the said act "the appraiser or appraisers of mercantile taxes for the several counties shall each take an oath or affirmation before a judge of the court of common pleas, of the proper county, faithfully, honestly, and without partiality, to make a true list of the names of all persons who shall be engaged in keeping beer houses, eating houses, oyster cellars and restaurants in the city or county for which he or they may have been appointed appraiser or appraisers, a copy of which oath or affirmation shall be filed in the office of the clerk of the court of quarter sessions of the proper county, and a list of the names and classification of those engaged in keeping the said houses and restaurants, shall be delivered by the said appraiser or appraisers to the city or county treasurer of the city or county in which the same may be located;" the defendant above is informed and believes that the appraisers of mercantile taxes for the county of Philadelphia have not complied with the said section 23 of the said act.

That the said act of April 10, 1849, has been repealed by the act of May 2, 1899, in so far as sections 20, 21 and 22 of the said act of said April 10, 1849, apply, and that the said act of May 2, 1899, takes the place of and becomes a substitute for sections 20, 21 and 22 of the said act of April 10, 1849.

That the said defendant buys his materials in the raw state

and manufactures them, changes their character and works them into a marketable condition upon the same premises at which they are sold, and thereby becomes and is a manufacturer or mechanic, under the Act of February 27, 1868, P. L. 43, sec. 1.

"A manufacturer or mechanic not having a store or work-house apart from his manufactory or workshop for the purpose of vending goods, shall not be required to pay the annual tax and license."

That the said defendant manufactures all the articles sold upon his premises in his business, and therefore should not be assessed for mercantile taxes under the act of May 2, 1899.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Maxwell Stevenson,* with him *J. Morris Yeakle,* for appellant, cited: Com. v. Norris, 27 Pa. 494; Com. v. Campbell, 33 Pa. 380; Givler's App., 12 W. N. C. 236; Com. v. Brinton, 3 Pa. Dist. Rep. 783.

*Ira Jewell Williams,* with him *J. Martin Rommell* and *John P. Elkin,* attorney general, for appellee, cited: Com. v. Iron City Brewing Co., 146 Pa. 642; Hendrix's Account, 146 Pa. 285.

OPINION BY WILLIAM W. PORTER, J., November 19, 1902:

This proceeding is by appeal to the court of common pleas from the assessment of the mercantile appraisers of Philadelphia county. The defendant is the proprieter of an eating house or restaurant. Judgment was entered for want of sufficient affidavit of defense. The affidavit raises only the following contentions: (1) that the act of April 10, 1849, "is not in force for the reason that the purposes for which it was passed do not now exist;" (2) that under section 20 of said act, taxes are only to be "assessed upon restaurants or other hotels wherein beer, ale, or other malt liquors are sold;" (3) that "the appraisers of mercantile taxes for the county of Philadelphia have not complied with the said section 23 of the said act;" (4) that the act of 1849 is repealed by the act of May 2,

1899, and (5) that the defendant is a manufacturer, and therefore exempt.

1. The first question raised is one which should be referred to the legislature rather than to the court. While the act stands unrepealed, as it is a revenue measure, the courts must regard it as still serving its measure of usefulness.

2. The second question is explicitly answered by the plain language of the act which applies to "eating houses, restaurants and oyster cellars wherein . . . . oysters or other refreshments of any kind whatsoever are dressed, prepared or sold," as well as to "beer houses."

3. The allegation that the appraisers have not complied with the requirements of the act prescribing the taking of an oath is too indefinite to raise the semblance of a defense in a suit for the tax levied, especially when made in reply to the averment of the statement that "as required by law the said mercantile appraisers furnished to the treasurer of the city and county of Philadelphia, a certified list of the keepers of eating houses so ascertained and assessed as made by them pursuant to the provisions of the act of assembly in such case made and provided." The affidavit does not so much as assert that the appraisers failed to take the proper oath and fails to indicate wherein they have failed to comply with the said act.

4. The act of May 2, 1899, explicitly is made to apply to retail venders and dealers in goods, wares and merchandise. See sections 1 and 2. It contains no clause expressly referring to the act of 1849, although repealing "all acts or parts of acts, general, special or local, inconsistent with its provisions." Through the legislation of the state there is an apparent distinction made between dealers in merchandise and keepers of eating houses. The basis of assessment in the latter cases is different from that of dealers and venders, as shown by many pieces of legislation. There is no such inconsistency between the provisions of the act of 1849, and those of the act of 1899 as results in repeal by the latter under the general clause above quoted.

5. The contention that an eating house keeper is within the category of manufacturers exempted by legislation, we think unnecessary to discuss.

The judgment is affirmed.