## Fixl's Appeal.

Argued May 22, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

. *E. Russell Shockley,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, *Marshall M. Cohen,* Special Deputy Attorney General, and *John H. Diefenderfer,* for appellant.

*Julius M. Rapoport,* for appellee.

OPINION BY MR. JUSTICE BARNES, July 3, 1939 :

This appeal raises a question similar to that involved in *Wellsboro Hotel Company's Appeal,* 336 Pa. 171.

John Fixl, the appellee, owns and operates the Guthsville Hotel in Stetlersville, Lehigh County. On Saturday evenings entertainment is provided for the guests in the hotel dining room, and for this purpose an orchestra and several dancers and singers are employed. There is no stage for the performers, and the only seats are those at the tables. The dining room is open to the public, and no charge whatsoever is made for the entertainment. The hotel is licensed to serve liquor, and pays an annual amusement tax under the Liquor Control Law of November 29, 1933, (Special Session), P. L. 15, as amended July 18, 1935, P. L. 1246, Section 602(n). Cigars, cigarettes, candy and similar articles are sold in the dining room and at the hotel bar.

Prior to July 12, 1937, the county mercantile appraiser assessed appellee $3.75 as a mercantile license tax for the ensuing year under Section 1 of the Act of May 2, 1899, P. L. 184, as amended May 10, 1929, P. L. 1709, Section 1, which provides: "From and after the passage of this act, each retail vender of or retail dealer in, goods, wares and merchandise shall pay an annual mercantile license tax of two dollars, and all persons so engaged shall pay one mill additional on each dollar of the whole volume, gross, of business transacted annually."

The appraiser also assessed appellee an amusement license tax of $31.50 under the Act of May 20, 1913, P. L. 229, as the owner of a business used wholly or

partly for dramatic, theatrical or vaudeville performances. The appraiser and the county treasurer, sitting as an appeal board, refused to strike off these assessments, whereupon appellee appealed to the court below. From the decree there entered, declaring the assessments void, the Commonwealth has taken this appeal.

The Commonwealth contends that, in selling the articles mentioned above, appellee is a vender of merchandise within the meaning of the Act of 1899, and is subject to the tax there imposed. We have pointed out in *Wellsboro Hotel Company's Appeal,* supra, that a hotel- or innkeeper who conducts a dining room for the convenience of his guests is engaged in rendering a service incidental to the conduct of his principal business. In the absence of an express provision, a mercantile license statute was held not to apply to such an ancillary part of the hotel business. We have reached the same conclusion as to the sales of candy, cigars and other merchandise under the Act here involved.

In *Commonwealth v. Givin,* 21 Pa. Superior Ct. 401, it was decided that the Act of 1899, supra, here under consideration, did not apply to keepers of eating-houses.[1] Similarly, in *Union League v. Ransley,* 39 Pa. Superior Ct. 514, this Act was held to have no application to social clubs furnishing cigars to their members.[2] Chief

---

[1] The Court held that the Act of April 10, 1849, P. L. 570, imposing a mercantile license tax on restaurants and eating-houses was not inconsistent with the Act of 1899, because they relate to different subjects of taxation. It is said (p. 404): "Through the legislation of the state there is an apparent distinction made between dealers in merchandise and keepers of eating-houses." This distinction applies with equal force in the case of hotels.

[2] Though the receipts from cigars exceeded their cost to the club, the Court took the position (p. 519) that the cigars were not "sold" to the members. However, in *Blauner's, Inc., et al. v. Philadelphia et al.,* 330 Pa. 340, this Court held that such transactions were "sales" under the common definition, and limited the Ransley decision to its holding that they were not "sales" within the mean-

Justice FRAZER, then sitting in Common Pleas Court, in *McClure, to use, v. Krumbholz & Riley,* 9 Dist. Rep. 544, decided that a hotel licensed to serve liquor is not taxable under the Act of 1899 for sales of food in a dining room on the premises.

It cannot reasonably be conceived that the Act was intended to embrace the hotelkeeper who dispenses such articles primarily to his guests on the premises, thereby serving their convenience as a part of his recognized obligation to care for their comfort. It cannot be held that he is conducting a distinct mercantile enterprise. The Supreme Court of the United States has expressed this view in *Toxaway Hotel Co. v. Smathers & Co.,* 216 U. S. 439, 466. It said: "For the present we shall deal only with the bare question as to whether innkeeping is within a proper definition of 'trading' or 'mercantile pursuits.' The keeping of a bar, cigar and newsstand are obviously but ordinary incidents to the main business when conducted within the inn, and primarily for the convenience of guests . . . Having thus narrowed the question, we must answer that a corporation engaged principally in running hotels is not a corporation engaged principally in 'trading' or 'mercantile pursuits.' "[3]

The cases cited[4] by the Commonwealth have no bearing upon the question of the status of a hotel proprietor

---

ing of the Act of 1899. The case is, therefore, appropriate to the present discussion. It is clear, from the statement therein at page 518, that the real basis of the decision was the fact that a social club, even when it furnishes cigars to its members for compensation, is not conducting a mercantile business under the Act of 1899.

[3] While the Supreme Court in that case was construing a section of the Bankruptcy Act of 1898, the reasoning is no less applicable to the present case.

[4] *Atlantic Ref. Co. v. Van Valkenburg,* 265 Pa. 456 (manufacturer held liable to mercantile tax on goods sold); *Com. v. Harrisburg Lt. & Pr. Co.,* 284 Pa. 175 (public utility retailing electrical appliances held subject to mercantile tax on such sales); *Com. v. Lutz,* 284 Pa. 184 (plumber selling materials purchased

under this Act of 1899. In each of them the person taxed was within the express language of the taxing statute. Here, on the other hand, the long established distinction between a hotel business and a mercantile enterprise, supplies a cogent reason for the exclusion of the former from the operation of mercantile license laws. Although the candy, tobacco and other articles are *sold* to the guests, the sales are purely incidental to the primary business of the hotel. This portion of its business is no more subject to taxation under the Act of 1899 than is the operation of a dining room subject to the Restaurant Mercantile License Tax imposed by the Act of April 25, 1907, P. L. 117.

There seems little doubt that there is no liability for the tax assessed under the Amusement Tax Act of 1913, supra, for the gratuitous entertainment supplied to the guests of this hotel. However, we are not obliged to pass upon this question, nor to decide whether the furnishing of such entertainment is incidental to the operation of the hotel, because the Act of 1913 was expressly repealed to the extent that it could have any application to the present facts, by the Act of June 16, 1937, P. L. 1762, Section 1, amending Section 802 of the Liquor Control Act of 1933, supra. The Act of 1937 requires licensees to obtain amusement permits from the Liquor Control Board, repealing the Act of 1913 "insofar as it purports to impose a tax upon the licensees herein." Appellee has complied with the provisions of this Act, and has the required permit. Consequently, the present assessment, made after the effective date of the Act of 1937, was improper and void.

The decree of the court below is affirmed as to both assessments. Appellant to pay the costs.

---

from others held a vender under the Act); *Com. v. Dinnien,* 320 Pa. 257 (undertaker selling caskets, shrouds and clothes held subject to the mercantile tax); *Beaver Co. Coöp. Assns'. App.,* 118 Pa. Superior Ct. 305 (coöperative association selling merchandise to non-members held liable for the tax).