## Wellsboro Hotel Company's Appeal.

Argued May 22, 1939.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*E. Russell Shockley*, Deputy Attorney General, with
him *Claude T. Reno*, Attorney General, *Marshall M.
Cohen*, Special Deputy Attorney General, and *Emory C.
Rockwell*, for appellant.

*G. Mason Owlett*, with him *Charles G. Webb*, for ap-
pellee.

OPINION BY MR. JUSTICE BARNES, July 3, 1939:

The single question presented on this appeal is wheth-
er a hotel which conducts a dining room for the con-
venience of its guests is subject to the restaurant mer-
cantile license tax imposed by the Act of April 25, 1907,
P. L. 117, Section 1.   (72 PS Sec. 3131, et seq.)[1]   The

---

[1] Section 1 of the Act of April 25, 1907, P. L. 117 reads as
follows:

"From and after the passage of this act, each and every indi-
vidual, firm, copartnership, or corporation engaged in carrying on

facts are not in dispute. Appellee operates a hotel in Wellsboro, Tioga County, in connection with which a dining room is maintained for the service of breakfast, lunch and dinner. The hotel is conducted on the European plan, and holds a hotel liquor license under the Liquor Control Act of November 29, 1933 (Special Session), P. L. 15, as amended. The dining room is open to the public.

The county mercantile appraiser assessed the hotel company $26.72 for 1937, and $33.00 for 1938, on the volume of business transacted in the dining room. It contested its liability for the tax, and appealed to the Board of Tax Appeals of Tioga County, which sustained the assessments. A further appeal was taken to the court of common pleas. From the decree of that court, declaring the assessments null and void, the Commonwealth appeals.

Is the hotel company "engaged in carrying on a restaurant business" within the meaning of the Act of 1907? It insists that its dining room is conducted, not as a separate business, but as an integral part of the hotel business, which, it contends, it was not the intention of the legislature to include within the classification of taxable business under the Act.

It is a part of the time-honored business of a hotel or inn to provide those who seek lodging with food and refreshment.[2] It cannot be doubted that, where meals

---

a restaurant, eating-house, cafe, or quick-lunch business shall pay an annual mercantile license tax of two dollars, and shall pay one mill additional on each dollar of the whole volume, gross, of the business transacted annually."

[2] A distinction is made at common law between the occupation of an innkeeper and that of a restaurateur, who merely serves food and drink in an eating-house to the public at large for compensation. See *Regina v. Rymer*, L. R. 2 Q. B. D. 136; *Carpenter v. Taylor*, 1 Hilton (N. Y.) 193; *Kelly v. Excise Commissioner*, 54 How. Prac. (N. Y.) 327; *Merrill v. Hodson*, 88 Conn. 314; *State v. Ainscow*, 7 Pennewill (Del.) 71; *Sheffer v. Willoughby*, 163 Ill. 518, 522; *State v. Brown*, 112 Kans. 814; *Metz-*

are served, it is within the traditional scope of the hotel business as it is commonly understood. The relationship between innkeeper and guest is one which the law recognizes as distinct from that existing between the proprietor of an eating-house and a patron thereof, and arises from the historic duty of the innkeeper to afford protection to his guests, and to supply them with every convenience for the satisfaction of their needs. A hotel keeper and an innkeeper occupy the same status in the law.[3]

The common law distinction between the business conducted by a hotel and that of a restaurant has been consistently recognized by the legislature of this state. As early as the Act of May 31, 1718, 1 Sm. Laws 104, the General Assembly undertook to regulate the rates of inns. By the Act of March 11, 1834, P. L. 117, a comprehensive scheme of regulation for hotels and inns was established, providing, inter alia, for the assessment of innkeepers. (Section 6.) This assessment provision was not repealed until the passage of the Act of May 22, 1933, P. L. 853, Section 601, subsection (7). The Act of June 12, 1913, P. L. 481, defines the liability of the keepers of inns and hotels to their guests. The Liquor Control Act of 1933, supra, Section 2, ex-

---

ler v. Terminal Hotel Co., 135 Mo. App. 410; Bouvier's Law Dictionary (Rawle's 3d. Rev.) 1582; Wandell's Law of Inns, Hotels and Boarding Houses, 27; Beale, Law of Innkeepers and Hotels, Sec. 15, 16.

In Satterthwaite v. Gibbs, 288 Pa. 428, 433, a hotel is defined as a building held out to the public as a place where all transient persons who come will be received and entertained as guests for compensation.

[3] In Beale, Law of Innkeepers and Hotels, Section 6, it is said (p. 9): "The principles of the innkeeper's liability once being established have continued unchanged until the present day; and the hotel keeper in the great cities of the United States derives his rights and traces his responsibilities to the host of the humble village inn of medieval England."

pressly distinguishes between hotels and restaurants for the purpose of licensing the sale of liquor.

Prior to the passage of the Act of 1907, here involved, the courts of this state had occasion to pass on matters of taxation affecting hotels and restaurants. In *Com. v. Brewing Co.*, 146 Pa. 642, it is held that those required to pay the so-called "high license" tax under the Acts of May 13, 1887, P. L. 108; May 24, 1887, P. L. 194, and June 9, 1891, P. L. 257, imposed on brewers, distillers, bottlers and wholesale and retail dealers in liquors, were not required to pay a mercantile tax on such business. One of the parties taxed was a hotel-keeper who had obtained a liquor license under the provisions of the Act of 1887, supra. Upon the basis of this decision, it was held in *McClure, to use, v. Krumbholz and Riley*, 9 Dist. Rep. 544, that a hotelkeeper operating his establishment on the European plan, and licensed under the Act of 1887 to sell liquor, was not subject to assessment and taxation under the Act of April 10, 1849, P. L. 570, imposing a tax upon eating-houses and restaurants, nor under the Act of May 2, 1899, P. L. 184, taxing vendors or dealers in goods, wares and merchandise.

Did the legislature intend in this Act of 1907 to ignore the historical distinction between hotels and restaurants? In our approach to the question, we must bear in mind the requirement of the Statutory Construction Act of May 28, 1937, P. L. 1019, Section 58, that a strict construction be placed upon taxing statutes.

The language of the Act here in question gives no indication of an intent to include hotels in the subjects of taxation. Obviously the hotel business cannot be classified as a "restaurant, eating-house, cafe, or quick-lunch business," even though a dining room may be maintained by the hotel as an incident of its service to guests. The legislature must have considered the effect of the decisions in the Brewing Company Case, and in the McClure case, and have understood that, under the

ordinary interpretation of the language used, the Act would be construed to have no reference to hotels and inns. Had the legislature intended to impose upon them this additional tax, it would have expressly said so.

In *Union League v. Ransley,* 39 Pa. Superior Ct. 514, the Act of 1907 was held not to apply to a social club which operated a dining room for its members and supplied them with cigars and other forms of tobacco. The apt language of Judge HEAD, speaking for the court, might well be applied to the present case, when he says (p. 518) : "In no one of the many acts of assembly providing for the taxation of vendors of merchandise has the legislature ever indicated its intention to include a social club as a member of the class intended to be taxed. Had there been at any time a popular demand for the taxation of any of those things which are the well-known incidents of club life, it is only fair to presume that the legislature would have responded. When therefore, during such a long period of time, a line of legislative acts, dealing largely with the same subject matter, has been understood to adopt a policy seemingly acquiesced in by the legislature and the people, our courts naturally would be and ought to be slow in declaring that the intention of the legislature, in the last act of a long series, was different from that commonly understood and accepted during all the preceding years."

Although this problem has not been passed upon by this Court, it was decided in *Smith's Appeal,* 16 Leh. L. J. 379, that a hotel proprietor is not taxable under the Act of 1907 upon facts virtually identical with those here presented. We are of opinion that the construction placed by the court below upon the provisions of this Act is the correct one as applied to hotels, and for the reasons stated, we sustain the conclusion which it reached declaring the assessments against the hotel company to be null and void.

Decree affirmed. Costs to be paid by appellant.