## In re Lincoln Slovak Political Club

*Carl A. Belin,* for appellant.

*James L. Jack, Jr.,* Special Deputy Attorney General, for Liquor Control Board.

BELL, P. J., May 10, 1945.—The Lincoln Slovak Political Club has appealed from the refusal of the Pennsylvania Liquor Control Board to grant it a club liquor license. The petition alleges: (1) That the club holds a beverage license; (2) that the quota has not been filled because licensed places were counted in the quota which do not have their places of business open for accommodation of the public; and (3) that this application does not come within the quota law.

A copy of the order of the board was not attached, and the only information we have as to it is contained in a stipulation by counsel which sets out a portion of the order. This stipulation states that the population of Morris Township at the last census was 3,752 persons, and the quota for such municipality is four. Despite the allegation of the petition, the stipulation states that there are five licenses issued for the retail sale of liquor, exclusive of clubs and hotels, so that the quota is exceeded. It is stipulated that the club is qualified to receive a license but was refused because the quota was exceeded.

The portion of the order quoted ends with the following statement: "Under the related facts the board is of the opinion that it should, in the exercise of its discretion authorized by law, refuse this application for club liquor license. As the sole question is the applicability of the quota law to clubs, this is not an exercise of the board's discretion but an interpretation of a statute."

Assuming that the quota is exceeded, the question raised involves interpretation of section 2 of the Liquor

License Quota Act of June 24, 1939, P. L. 806, 47 PS §744-1002, which reads as follows:

"No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, *of any class,* for each one thousand inhabitants or fraction thereof, in any municipality, *exclusive of licenses granted to hotels, as defined in this act, and clubs;* but at least one such license may be granted in each municipality, except in municipalities where the electors have voted against the granting of any retail licenses. Nothing contained in this section shall be construed as denying the right to the Pennsylvania Liquor Control Board to renew or to transfer existing retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; *but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."* (Italics supplied.)

Counsel for the board stated that there were 25 decisions holding that the quota law did not apply to clubs, and 24 holding that it did. In Appeal of Legion Home Association of Danville, 48 D. & C. 123, Judge Kreisher, after distinguishing five cases, pointed out that, of the remaining 45, 24 cases from eight counties held that the quota law did not apply, and 21 cases from 17 different counties held that it did apply, and that Allegheny, Luzerne, and Westmoreland Counties have decisions both ways.

Counting the cases reported and those mentioned or commented on, we find 40 cases in 16 counties holding that the quota law does not apply to clubs, and 23 in 18 counties holding that it does, with 4 counties having decisions both ways.

In Clearfield County, there are several conflicting opinions. In the case of Morann Citizens Club, Inc., September sessions, 1941, no. 16, Judge Smith, in an opinion filed June 18, 1941, held that the quota law applied to clubs and sustained the action of the Pennsylvania Liquor Control Board refusing to issue a club license for that reason. In Appeal of Home Association of the James J. Patterson Post, V. F. W., May sessions, 1944, no. 3, Judge McKenrick, specially presiding, held the quota law did not apply to clubs, and in Appeal of Penfield Volunteer Fire Department, September sessions, 1944, no. 23, again held that the quota law did not apply to clubs and sustained the appeal, pointing out that the bylaws provided that no person should be eligible who was under 21 years of age.

Unfortunately, no appeal to the appellate courts is provided for, nor has the legislature passed any legislation to remedy the confusion which exists.

Many of the decisions hold that there is no ambiguity in the act, and where the Statutory Construction Act of May 28, 1937, P. L. 1019, is applied each decision finds something in that act to sustain the decision arrived at.

Among the decisions holding that the quota law does apply to clubs, and quoting the Statutory Construction Act are Seagrave Social Club's License, 37 D. & C. 575, Castle Del Giudici Society's Liquor License, 90 Pitts. L. J. 538, Ontario Tribe's License, 42 D. & C. 200, Francesco Fiorentino-Concordia No. 454's License, 44 D. & C. 29, Herbert Warriner Post No. 70's License, 43 D. & C. 6, Bedford Lodge's License, 43 D. & C. 714, Appeal of Red Rose Lodge No. 16, 43 D. & C. 204, Application of Polish National Alliance Lodge No. 2006, 43 D. & C. 337, In re Appeal of Societa' Di Mutuo Soccorso San Rocco, 43 D. & C. 358, and Pottstown Veterans Association License, 36 D. & C. 593.

There are many well-written opinions holding that the quota law does not apply to clubs, and that the legis-

lature did not intend such a result. We refer particularly to opinions in the cases of In re License of I. B. P. O. E. of W., John F. Moorland Lodge No. 801, 42 D. & C. 222, Appeal of Legion Home Association of Danville, 48 D. & C. 123, Chateau Post Liquor License, 90 Pitts. L. J. 215, Appeal of Thomas P. Lambert Post No. 2540, V. F. W., 49 D. & C. 281, Garrett Volunteer Fire Department's License, 46 D. & C. 438, and Appeal of St. Patrick's R. C. B. Assn., 50 D. & C. 123.

The decisions holding that the quota law does not apply ignore the plain wording of the act and are based on the supposition that the legislature did not intend it to apply to clubs and that the application of the law to clubs produces an absurd result. These cases outline the history of the liquor legislation, the reasons for the law being passed, and the attempt of the legislature of 1941 in House Bill 99 expressly to exclude clubs from the quota act. These courts argue that it was not the intention of the legislature to permit one club to have a license and bar others, pointing out that under the Beverage License Law of June 16, 1937, P. L. 1827, sec. 6(a), 47 PS §89 it is provided that the board *shall* grant licenses to certain places and in the case of *a club may, in its absolute discretion,* grant a license. Judge Wilson, in the case of I. B. P. O. E. of W., 42 D. & C. 222, reviews the legislation covering liquor licenses and beverage licenses, pointing out that issuance of licenses was mandatory, which resulted in so many licenses being issued as to become a social menace, which resulted in the passage of the quota law of 1939. As club licenses are issued in the board's discretion and are presumably limited to bona fide clubs, there is no necessity for making the quota law applicable to club licenses.

In Appeal of St. Patrick's R. C. B. Assn., 50 D. & C. 123, 126, Judge Ehrgood, referring to the contention of the Liquor Control Board that the language is clear and unambiguous, states:

"As a general proposition of law relating to the construction of language clearly expressed in an act of assembly we agree with this statement. However, it must be borne in mind that this act is remedial in its nature."

The court then, after discussing the conflict of opinion that exists in the various jurisdictions, states:

". . . we have come to the conclusion that there is uncertainty and ambiguity in the language of section 2 of the Act of 1939, when read in conjunction with the related Liquor Control and Beverage License Acts. The fact that there is such an equal conflict of opinion on the subject is persuasive and confirmatory to us that such ambiguity exists."

We are unable to agree with Judge Ehrgood's conclusion, and, while we believe that if the power given to the Liquor Control Board were sufficiently exercised there would be no necessity for the legislature making the quota law apply to clubs, as pointed out by Judge Kun in Appeal of Societa' Di Mutuo Soccorso San Rocco, 43 D. & C. 358, if an error has been made in the enactment and a correction is desired it is a matter for appropriate legislation. There is no doubt that the legislature has authority to make the quota law applicable.

It is conceded that the quota for Morris Township is exceeded. The last clause of section 2 of the Liquor License Quota Act of June 24, 1939, P. L. 806, reads:

". . . . . .*but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded.*" (Italics supplied.)

To us, this language is plain and unequivocal. Article IV, sec. 51, of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551, reads: "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pre-

text of pursuing its spirit." In Commonwealth ex rel. v. Cartwright et al., 350 Pa. 638, the Supreme Court stated (p. 645) :

"This principle is to be adhered to notwithstanding the fact that the court may be convinced by extraneous circumstances that the legislature intended to enact something very different from that which it did enact." See also Peters v. Condron, 2 S. & R. 80.

Even conceding, which we do not, that there are any irreconcilable provisions in the Liquor License Quota Law of 1939, section 64 of the Statutory Construction Act of 1937, 46 PS §564, reads: ". . . whenever, in the same law, several clauses are irreconcilable, the clause last in order of date or position shall prevail." We are without authority to add the prohibitory words "and clubs" after the word "hotels" in this last clause but must leave such change to legislative act.

The decisions holding that the quota law does not apply to clubs mention that bona fide clubs may be barred from having the right to sell liquor to their members if the act is applied as written. We see no absurdity in forbidding the issuance of licenses to clubs: Ontario Tribe's License, 42 D. & C. 200; and as the Philadelphia court pointed out in Appeal of Societa' Di Mutuo Soccorso San Rocco, 43 D. & C. 358, where a restaurant license is refused it is not too much trouble to form a club, apply for a license, which is received at a reduced rate, and thereby authorize the licensee to sell on Sunday and to a large number of social members who join for that purpose and not for the purpose for which the club is organized. It is common knowledge that many of the clubs holding licenses could not exist without their liquor licenses, and that the Liquor Control Board permits social members, who have no voting privileges, ownership, or participation in the profits; and we are informed that in some cases the social members are many times the number of actual members, so that we

are unable to agree with the argument that the legislature might not have intended to make the quota law applicable to clubs.

The petition does not complain that the title to the act is defective, but the petitioner's brief avers that it fails clearly to express the subject in its title and therefore violates article III, sec. 3, of the Pennsylvania Constitution. The title of the act reads as follows:

"An act limiting the number of licenses for the retail sale of liquor, malt or brewed beverages, or malt and brewed beverages, to be issued by the Pennsylvania Liquor Control Board; defining hotels, and prescribing the accommodations required of hotels in certain municipalities."

As the title mentions that it covers the limiting of the number of licenses, we feel that this should be sufficient to put any license holder on inquiry and that the title is sufficient for that purpose.

Appellant also contends that under the Beverage License Law of June 16, 1937, P. L. 1827, a club license is not a retail dispenser's license, pointing out that club licensees are not permitted to sell for consumption off the premises and citing the case of Klein v. Livingston Club, 177 Pa. 224, in which the Supreme Court held that a club was a member's home and liquor was furnished as an accommodation. Despite any prior acts or prior decisions, under the Beverage License Law of 1937 the legislature treated clubs as retail dispensers of liquor. In the case of Benner et al. v. Tacony Athletic Assn. et al., 328 Pa. 577, the Supreme Court overrules Klein v. Livingston, supra, and Union League v. Ransley, 39 Pa. Superior Ct. 514, stating at page 580:

"The ordinary meaning of a 'sale' is a transfer, or an agreement for the transfer, of title to property for a consideration. These requisite elements are present when a member of a club orders a drink and pays for it. The club corporation purchases liquor and resells it

just as any other vendor; the only difference is that its customers are limited to its membership." See also Blauner's, Inc., et al. v. Philadelphia et al., 330 Pa. 342.

The petition alleges that the quota was not exceeded because several restaurant licenses were held by parties who were not open for business for the accommodation of the public. In Appeal of Home Association of Veterans of Foreign Wars in Clearfield County, May sessions, 1944, no. 5, Judge McKenrick, discussing the fact that two licenses were being held by the board under a regulation designated as R-38-34, pointed out that the Liquor Control Board was without authority to issue a restaurant license to a closed place, criticized the practice, and pointed out that the protection and privilege granted by the exclusion of other restaurant licenses was for the service of the public and if the licenses were not being used they should not be counted. We have no knowledge of what the condition is in this case but feel petitioner should be given full opportunity to disclose what the conditions are as to Morris Township in this regard.

### Order

Now, May 10, 1945, this appeal is dismissed so far as the stipulation that the Liquor License Quota Act of 1939 does not apply to clubs, with the right on the part of petitioner, for a period of 30 days from this date, to request an opportunity to take testimony to show that the quota is not exceeded. On failure to make such request in writing within said period of 30 days, final order will be entered.