# H. J. Heinz Company *v.* School District of Pittsburgh, Appellant.

442

Argued November 17, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Oscar G. Peterson,* Assistant Solicitor, with him *Mortimer B. Lesher,* Solicitor and *Niles Anderson,* Assistant Solicitor, for School District and Treasurer, appellants.

*J. F. McKenna, Jr.,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for City and Treasurer, appellants.

*Charles Denby,* with him *Carl E. Glock, Jr.* and *Reed, Smith, Shaw & McClay,* for plaintiff, appellee.

OPINION BY HIRT, J., March 18, 1952:

H. J. Heinz Company, appellee, maintains an Employes Service Building in connection with its extensive plant in Pittsburgh. As a part of the service there provided it operates three dining rooms or cafeterias with a total seating capacity of about 1,800. These dining rooms are maintained primarily for the convenience and benefit of employes of the company. The prices paid by employes for food are lower than the charges in comparable commercial restaurants. From this service the company seeks to recover only the direct costs of the food and the labor related to preparing and serving it. Actual overhead applicable to the cafeterias would result in an operating loss in a substantial amount without regard to free meals served to employes while working overtime, the cost of which alone for the year 1947 amounted to more than $50,000.

The taxes questioned in these appeals are excise taxes for the year 1948 levied on the privilege of conducting a restaurant business, based on the gross sales of food in appellee's cafeterias. The School District of the City of Pittsburgh levied a Mercantile License Tax on the privilege under the Act of June 20, 1947, P.L. 745, 24 PS §582.1; and the City of Pittsburgh imposed a like levy pursuant to its ordinance No. 488 enacted by it on the authority of the Act of June 25, 1947, P.L. 1145, 53 PS §2015.1. The lower court was right in concluding that the Heinz Company is not liable for either of these excise taxes. The operation of restaurants for its employes is wholly incidental to the business of the company, namely, the manufacture and processing of food products in wide variety. Cf. *Wellsboro Hotel Company's Appeal*, 336 Pa. 171, 7 A. 2d 334; *Fixl's Appeal*, 336 Pa. 177, 7 A. 2d 336.

A Mercantile License Tax as its name implies is a levy on the privilege of conducting a commercial enter-

prise for profit. It is not a property tax. The benefits accruing to the appellee from maintaining employe cafeterias are all indirect. The Heinz Company in no sense is engaged in the restaurant business for profit. Neither the School District nor the City of Pittsburgh therefore had authority to levy these taxes based upon the sales of food in appellee's restaurants. The question of the validity of the assessments on this phase of the appeals is identical with that raised by these same appellants and decided against them in two cases involving the liability of the Duquesne Club for similar excise taxes. The restaurants in the Heinz plant, as in the Duquesne Club are not subject to Mercantile License Tax assessment, on the authority of settled principles discussed in our opinion in *Duquesne Club v. Pittsburgh,* 170 Pa. Superior Ct. 426, 87 A. 2d 81.

A second question is raised by the city only, in its appeal. On March 15, 1948 the Heinz Company filed a return with the city as a dealer in goods which were not manufactured by it and paid a Mercantile License Tax based on the amount of the taxable gross receipts from sales admitted in the return. On May 26, 1948, the company filed an amended return and tendered payment of an additional tax based on the amended figures, which the City refused to accept. In July, 1948, the city, following an examination of the records of the company, levied an additional tax of $6,454.79, based on its computation of appellee's wholesale and retail sales for the tax year. The total taxable gross receipts from the sales as determined by the city included the proceeds of sale of food in the company's restaurants. The present equity proceeding was brought by appellee within 60 days of the assessment to enjoin the collection of the tax. On July 13, 1950, after some negotiations, it was agreed to reserve for future determination, in the equity proceeding, the question of the company's liabil-

ity for that part of the tax based on the restaurant business, and the city accordingly reduced the additional assessment to $3,739.52. The appellee immediately tendered payment of this amount, which the city refused to accept, contending that it was entitled to interest thereon from March 15, 1948, at 6%, in addition to a penalty of 1% per month from that date under the provisions of the city ordinance imposing the tax. The tax in the above amount was later accepted by the city, by agreement without prejudice to have the question of appellee's liability for interest and penalty determined in this proceeding.

Heinz Company offered to pay the tax admittedly due immediately after the assessment was reduced by eliminating the proceeds of the operation of the restaurant. The ordinance of the City of Pittsburgh under which the Mercantile License Tax was imposed does not contain a provision requiring or even permitting the city to make refunds of taxes erroneously or inadvertently paid. If the appellee in this case had voluntarily paid the whole amount demanded by the city it could not recover back the amount of the penalty and interest included in the payment, at the termination of this case if not liable for these penalties. In order to maintain an action to recover penalties paid on taxes for which there was no liability the overpayment must have been exacted by compulsion. If the payment was a voluntary one, it may not be recovered unless a statute so provides. *Wilson et ux. v. Phila. Sch. Dist. et al.,* 328 Pa. 225, 195 A. 90.

In the present case the Heinz Company was ready and willing to pay the taxes which were actually due and it promptly brought this action in equity to restrain the collection of the excess. The amount of the tax for which appellee was legally liable was not made definite prior to the stipulation on July 13, 1950. Under

the circumstances therefore this appellee was not delinquent as a taxpayer and the penalty for nonpayment of the tax cannot be exacted by the city. *Fidelity-Philadelphia Tr. Co.'s Appeal,* 337 Pa. 34, 41, 10 A. 2d 547; *Ferguson v. Pittsburgh,* 159 Pa. 435, 28 A. 118. Cf. *Phipps et al. Tr. v. Kirk, Treas.,* 333 Pa. 478, 5 A. 2d 143.

The lower court correctly decided both questions raised in these appeals.

The order in No. 163 and the decree in No. 164 April Term, 1951, are affirmed, the latter at the costs of the appellant.