## Lorr Equipment and Supply Company Appeal

*E. Eugene Yaw,* for appellant.
*Ronald C. Travis,* contra.

GREEVY, *P. J.,* October 12, 1976 — The City of Williamsport, pursuant to the Local Agency Law,

of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq., filed an appeal from the ruling of the city's board of revision of taxes and appeals, which held that the sales of Lorr Equipment and Supply Company do not constitute taxable transactions under the mercantile license tax ordinance. The parties have stipulated to a decision based on the certified record of the board without additional testimony, and the city limits its appeal to the question of whether the board's decision was in accordance with the law. More precisely, the issue is whether a company which functions only as a purchasing operation for another company is liable under the mercantile tax ordinance for accommodation sales at cost to the other company.

Lorr Equipment and Supply Company is the purchasing representative for Lecce Electric Company, and both are owned by Joseph L. Lecce. Everything that Lorr Equipment purchases is, in turn, sold at cost to Lecce Electric. The reason for this arrangement is to enable Mr. Lecce to purchase items directly from other manufacturers in the name of Lorr that he could not purchase directly in the name of Lecce Electric. Lorr Equipment and Lecce Electric use the same offices and employ the same persons, and for Federal income tax purposes they are treated as one entity because of common ownership and common cause.

On February 12, 1976, Lorr Equipment was informed by the city's deputy director of finance and personnel of mercantile license tax deficiencies of $3,421.30 for the years 1971-1975. This figure represented the taxes due on sales from Lorr Equipment to Lecce Electric during that period of time. Lorr's appeal to the board of revision of taxes and

appeals was sustained, and the matter is now before us on the city's appeal from that decision.

"A Mercantile License Tax as its name implies is a levy on the privilege of conducting a commercial enterprise for profit." H. J. Heinz Company v. School District of Pittsburgh, 170 Pa. Superior Ct. 441, 443-44, 87 A.2d 85 (1952). The tax is based on the gross receipts of an enterprise over a taxable year and is imposed at the rate of three-quarter mills on each dollar of the whole volume gross, including cash and credit, of the trades and businesses enumerated in the ordinance: Codified Ordinances of the City of Williamsport, Pa., Art. 333, Sec. 4 (1975).

Where the issue of mercantile license taxation on accommodation sales has arisen in the past, the delineating factor has been whether or not the transactions were for profit. In Duquesne Club v. Pittsburgh, 170 Pa. Superior Ct. 426, 87 A.2d 81 (1952), the City of Pittsburgh was seeking to enforce the tax against a private club which provided a food service at a loss for its members. The members themselves actually absorbed the loss. The court noted that all of the cases which the city cited in support involved "dealers actually engaged in business for a profit." 170 Pa. Superior Ct. at 432, n. 2. Because the club supplied the service not for profit but for the convenience of its members, it was held that the club was not conducting business subject to the mercantile tax.

In another leading case, a group of retail grocers set up a grocers' purchasing cooperative to purchase goods in large quantities and eliminate wholesalers' profits because of chain store competition. Though the type of business involved was

distinct from the instant case, the Pennsylvania Supreme Court's language is particularly instructive on the question of taxation of a company's purchasing arm. Quoting the trial judge, the court stated:

" 'Our conclusion is that the company is not a commercial distributor in the ordinary sense. It is true that the reason for its existence is a business one in the sense that its function is auxiliary to the retail grocery trade of its members. But the design of its activities is not immediately for profit but rather as an aid in reducing costs in the overall conduct of retail merchandising. The gross receipts of that end result, the business of the retail members, are subject to the tax. To impose the tax also on the intermediate purchasing methods of the cooperative association would seem to us unfair' ". Philadelphia School District v. Frankford Grocery Company, 376 Pa. 542, 546-47, 103 A.2d 738 (1954).

Lorr Equipment is an entity the purpose of which is "not immediately for profit but rather as an aid in reducing costs." Lorr exists solely to obtain goods at less than wholesale cost and transfer them at the same cost to Lecce Electric. The "unitary character" of the two companies evidences the lack of profit motive on the part of Lorr Equipment alone. Lorr is not "engaged in a separate business enterprise involving purchases from, and sales to, persons or corporations wholly unconnected" with it: Jefferson Grocery Company v. Pittsburgh School District, 394 Pa. 110, 115-16, 145 A.2d 720 (1958).

Notwithstanding the lack of profit motive, the city contends that Lorr Equipment is "doing business" within the taxing district of the City of Williamsport and, therefore, is exercising the

privilege for which mercantile license taxes must be paid. This contention is without merit as the law of this Commonwealth levies the tax only on commercial enterprises for profit. Even the cases cited by the city illustrate that profit is the guidepost by which the applicability of the mercantile license tax is determined.

In accordance with the foregoing opinion, we make the following

### ORDER

And now, October 12, 1976, the decision of the Board of Revision of Taxes and Appeals in the above-captioned case is hereby affirmed, and the appeal of the City of Williamsport is dismissed.