The Commonwealth of Pennsylvania, Appellant, *v.* John Gormly.

[Marked to be reported.]

*Taxation—Mercantile license tax—Dealer—Plumber.*

A plumber who buys valves, radiators, boilers, pipes and plumbers' supplies, and cuts and fits them together in the shape of steam and water heating apparatus and bath tubs which he puts in buildings, and has no store or other place at which he does business as a buyer and seller, and has no other place of business than his workshop, and gets paid by charging for his labor and the cost of the material which he buys with a commission on the cost, is not a " dealer in goods, wares, and merchandise " within the meaning of the laws which impose a mercantile license tax.

Argued January 15, 1896. Appeal, No. 95, July Term, 1895, by plaintiff, from judgment of C. P. No. 1, Phila. County, June T., 1893, No. 383, on verdict for defendant. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from assessment of mercantile tax appraisers. Before BRÉGY, J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions in favor of the defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was above instructions.

*J. Edward Carpenter*, for appellant.—The act of April 2, 1821, P. L. 244; March 4, 1824, P. L. 32; April 7, 1830, P. L. 387; May 4, 1841, P. L. 310; April 16, 1845, P. L. 533, and April 22, 1846, P. L. 487, which imposed the mercantile license taxes, were intended to apply to all dealers. The act of April 16, 1845, uses the language, " all dealers."

The defendant calls his profits " a percentage," but that is only another name for profits. Sometimes these percentages allowed, or discounts as they are sometimes called, amount to twenty-five, thirty, forty and fifty per cent, and even more,

below the catalogue price at which these good are sold to the customer. The difference is the plumber's profit.

In so far as the plumber deals in plumbers' supplies, gas fixtures, etc., he is a dealer within the meaning of the acts of assembly, and must pay the license fee exacted from "all dealers." The courts favor the construction of acts relating to taxation so as to divide the burden equally: Com. v. Thomas Potter, Sons & Co., 159 Pa. 583.

As it is the object of the law to levy the tax on all dealers, it is immaterial how the articles may be sold, or whether after sale they shall be fitted in the places prepared for them.

*Hood Gilpin, Ray W. Jones* with him, for appellee.—A mercantile license is a tax: Com. v. Potter, Sons, & Co., 159 Pa. 583.

The act of April 20, 1887, P. L. 60, is unconstitutional, as it is obnoxious to the provisions of article III, section 7, of the constitution of Pennsylvania, forbidding the passage of any local or special acts: Van Loon v. Engle, 171 Pa. 157.

In Norris v. Com., 27 Pa. 494, this court has defined a dealer as one who depends for his profits, not upon the labor he bestows upon his commodities, but upon the skill and foresight with which he watches the market.

And it has been held that a tanner who purchases hides, manufactures them into leather and sells them, is not a dealer: Com. v. Campbell, 33 Pa. 380; nor a miller who manufactures flour and feed from grain purchased for that purpose: Lamen v. Paxton, 2 Luz. L. Reg. 259; nor a butcher who sells meat slaughtered by himself in a market-house stall or from a wagon: Givler's App., 12 W. N. C. 236; Com. v. Brinton, 3 D. R. 783.

OPINION BY MR. JUSTICE GREEN, February 17, 1896:

This action is brought to recover a mercantile license tax from the defendant as a "dealer in goods, wares and merchandise," under the laws which impose such taxes. The defendant is a mechanic—a plumber—who puts in steam and water heating apparatus for the owners of buildings. He also sometimes puts in bath tubs with the necessary adjuncts of pipes and other material. He does not manufacture any of these articles, but buys the necessary valves, radiators, boilers and pipes, and such

other material as constitutes a steam heating plant, from the dealers in plumbing materials and cuts and fits them all together and puts them in the building. He works himself as a plumber and employs other plumbers to help do the work. He gets paid by charging for his labor and the cost of the material he buys on which he charges a percentage which is added to the cost and goes to make up the whole amount of his profit. He has no store or other place at which he does business as a buyer and seller. He has no other place of business but his workshop.

Is such a man a dealer within the meaning of the tax laws? In Norris v. The Commonwealth, 27 Pa. 494, we held that a dealer under the tax laws in the popular, and therefore in the statutory, sense of the word, is not one who buys to keep or makes to sell, but one who buys to sell again. BLACK, J., in delivering the opinion said, "The meaning of the statute is perfectly clear. The legislature understood the words it was using. A tax was laid upon dealers, that is those who should buy to sell. This of course did not include persons who sold the wares manufactured by themselves. Dealers, therefore, might evade the tax by having an interest in the factory. To prevent this the second clause was added taxing the manufacturers themselves wherever the goods manufactured were sold at a store separate from the workshop, but by express words exempting them in all other cases." The defendants in this case were manufacturers of locomotives which were sold only at their shops and therefore were held not to be dealers in the taxing sense.

In Commonwealth v. Campbell, 33 Pa. 380, the defendant was a tanner who owned his tannery and bought hides and tanned them into leather which he sold at his tannery to shoemakers. But he also sold to commission leather merchants in Baltimore and Philadelphia, and also consigned his leather to commission leather merchants who sold it for him on commission. He kept no warehouse, shop or store in either of the cities named. We held he was not liable to the mercantile tax as a dealer. Said LOWRIE, C. J., delivering the opinion, "A manufacturer or mechanic is taxed for selling his wares, only when he keeps a store or warehouse away from his manufactory,

in which he sells the wares, in the manufacture of which he is
' concerned or interested,' that is as whole or part owner."

In the present case the defendant is neither a manufacturer
nor a dealer, in the strict sense of the latter term. He does
not buy to sell the articles he uses. He does not sell them in
the literal sense and he only buys them when he has a job of
work to do for which he requires them. As between the dealer
and himself he is the consumer. He needs the articles in his
business. He puts them into buildings putting his own work
upon them, but when they are placed there they are not in the
same shape as when he received them, but as a compact whole
composed of all the materials required for the purpose, no mat-
ter from what source he obtained them. For instance a com-
plete steam heating apparatus requires boilers, radiators, pipes,
valves, one or more furnaces, and other articles to make a com-
plete work. Some of these things might be obtained from one
dealer and others from other dealers, but the ultimate thing
which the defendant supplies to his customer, is not the thing
that he bought. His own work too must be added, a necessary
and expensive part of the completed whole, as all persons know
who have such bills to pay. How then can it be said that
such a person is a dealer when the thing which he sells is not
the thing which he buys. Even the manufacturer who does sell
the very article he makes, is not liable to the tax unless he
keeps a store at which his products are sold, how then can a
mere mechanic who buys ingredients from others, and works
upon them, combining them into one completed whole, be re-
garded as a dealer? We think he cannot and that the court
below was correct in its ruling.

Judgment affirmed.