# Commonwealth *v.* Lutz, Appellant.

*Taxation—Mercantile taxes—Plumbers—Dealers—Exemption— Act of May 2, 1899, P. L. 184—Statutes—Repeals—Acts of May 4, 1841, P. L. 307; April 22, 1846, P. L. 486; February 27, 1868, P. L. 43; April 9, 1870, P. L. 59.*

1. A plumber is not liable for the payment of a mercantile license tax under the Act of May 2, 1899, P. L. 184, on that portion of his business relating to contracts which he performs, wherein he furnishes materials and labor, and that covering jobbing and repairing, where he also furnishes materials and labor.

2. But he is liable for that which covers the sale of materials purchased from others upon which he expends no labor. As to this he is liable for the gross volume of his business, and is not exempt if his business is less than $500 per year.

3. The $500 limit provided by the Act of April 9, 1870, P. L. 59, was repealed by the Act of May 2, 1899, P. L. 184.

4. The Acts of May 4, 1841, P. L. 307; April 22, 1846, P. L. 486, and February 27, 1868, P. L. 43, are likewise repealed.

Argued May 25, 1925. Appeal, No. 18, May T., 1925, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1924, No. 1, for defendant on case tried by the court without a jury, in suit of Commonwealth v. James H. Lutz, Jr. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed in part and revised in part.

Appeal from tax settlement.

Case tried by court without jury. Before HARGEST, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant. Commonwealth appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*John Robert Jones,* Special Attorney for the Commonwealth, with him *George W. Woodruff,* Attorney General, cited: Atlantic Refining Co. v. Van Valkenburg, 265 Pa. 456; Com. v. Lowry-Rodgers Co., 279 Pa. 361; Norris Bros. v. Com., 27 Pa. 494; Pittsburgh Brewers' & Bottlers' Supply Co.'s Mercantile Tax, 38 Pa. Superior Ct. 121; Com. v. Pocono Mountain Ice Co., 23 Pa. Superior Ct. 267; Com. v. Gormly, 173 Pa. 586.

*Geo. Ross Hull,* of *Snyder, Miller & Hull,* for appellee. —This case is ruled by Com. v. Gormly, 173 Pa. 586.

OPINION BY MR. JUSTICE SCHAFFER, June 27, 1925:

In this case we have presented the question whether a plumber is liable for the payment of the mercantile license tax imposed by the Act of May 2, 1899, P. L. 184, and, if he is, does liability attach to the entire volume of the business which he transacts or to only part of it?

Defendant is a registered or licensed master plumber. Under the agreed-upon facts, his business divides itself into three branches, (1) that relating to contracts which he performs, wherein he furnishes materials and labor, (2) jobbing or repairing, in which the like situation exists, (3) the sale of materials purchased from others, upon which he expends no labor.

Defendant contends that he is not a dealer, and, therefore, not subject to the mercantile license tax so far as the first two branches are concerned, and, as to the third, that the gross volume of his business for the year in question amounts to only $359.62, therefore he is

exempt under the terms of the Act of April 9, 1870, P. L. 59, which stipulates "That hereafter manufacturers and mechanics who shall sell goods, wares or merchandise, other than their own manufacture, not exceeding the sum or value of five hundred dollars per annum, shall not be classified or required to pay any annual tax or license fee; but if such sales shall exceed the sum or value of five hundred dollars per annum, as aforesaid, they shall be classified in the same manner, and required to pay the same annual tax as is now required to be paid by dealers in foreign merchandise." He also contends that if he be a dealer within the meaning of the Act of 1899, he is nevertheless exempt under the exceptions contained in section 10 of the Act of May 4, 1841, P. L. 307, and the proviso contained in section 11 of the Act of April 22, 1846, P. L. 486, as amended by the Act of February 27, 1868, P. L. 43.

As to the first and second branches of defendant's business, our conclusion is that he is not liable to pay a mercantile license tax thereon. Plumbers and like artizans and craftsmen such as carpenters, bricklayers, stone masons, plasterers, etc., who contract to furnish labor and materials for an undertaking, either in its construction in the first instance, or its alteration or repair, are not within the scope of the mercantile tax act and are not comprehended within the term dealers, who are the persons from whom that particular impost is collectible. Such a craftsman, in the language of Mr. Justice BLACK (Norris Bros. v. Com., 27 Pa. 494; see also Com. v. Lowry-Rodgers Co., 279 Pa. 361) is not a dealer because he is "not one who buys to sell again" in the sense in which merchants buy to sell. In Com. v. Gormly, 173 Pa. 586, we reached the determination that a plumber was not liable for a mercantile license tax where he had no store or other place at which he did business as a buyer and seller. There is nothing in the Act of 1899 which would embrace within its terms a master or licensed plumber so far as the contract and

jobbing or repair features of his business are concerned and the court below was correct in so determining.

As to the third branch of defendant's business, where he sells materials just as any ordinary dealer would, we are of opinion that he is liable for the tax, unless the Act of April 9, 1870, P. L. 59, relieves him, and we think it does not. That act is no longer in effect, having been repealed by the General Mercantile License Tax Act of 1899, which is a comprehensive enactment, wherein the legislature undertook to revise the whole subject of mercantile taxes and make subject to the tax "each retail vendor of or retail dealer in goods, wares and merchandise," without exemption of any kind, repealing "all acts or parts of acts general, special or local inconsistent" therewith of which the Act of 1870 was one. For the same reason the cited sections of the earlier Acts of May 4, 1841, P. L. 307; April 22, 1846, P. L. 846, and February 27, 1868, P. L. 43, are of no avail in exempting defendant.

Our determination, therefore, must be that as to the third branch of his business in which the gross volume of sales for the year in question amounted to $359.62, the defendant is liable for a mercantile license tax and the court erred in concluding otherwise.

The judgment of the court below is reversed with directions to enter judgment for the Commonwealth in accordance with the views herein expressed for the amount due.