## Commonwealth *v.* Dinnien, Appellant.

Argued November 26, 1935.   Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Abraham Friedman,* for appellant.

*Charles J. Margiotti,* Attorney General, *E. Russell Shockley,* Deputy Attorney General, and *Leon Sacks,* Special Deputy Attorney General, for appellee, were not heard.

PER CURIAM, January 6, 1936:

The sole question in this case is the validity of an assessment against appellant, a duly licensed under-

taker, of a mercantile license tax for the year 1933, in the amount of $8.50 alleged to be due from him "as a retail vender of or dealer in goods, wares, merchandise, commodities, etc.," pursuant to the provisions of the Mercantile License Tax Act of May 2, 1899, P. L. 184. The court below sustained the Commonwealth's contention that appellant is subject to the tax because in the conduct of his business he supplies and sells at a profit, caskets, clothes or shrouds, and gloves. It is not suggested that any tax is due upon the moneys received by appellant for professional or personal services rendered in the conduct of funerals. We are of one mind that the decision of the court below was correct and should ·be affirmed.

The situation here presented is quite similar to Com. v. Lutz, 284 Pa. 184. In that case we sustained a mercantile tax assessment against a plumber in respect to the sale of materials purchased from others upon which he expended no labor. We there said: "As to the third branch of defendant's business, where he sells materials just as any ordinary dealer would, we are of opinion that he is liable for the tax, unless the Act of April 9, 1870, P. L. 59, relieves him, and we think it does not. That act is no longer in effect, having been repealed by the General Mercantile License Tax Act of 1899, which is a comprehensive enactment, wherein the legislature undertook to revise the whole subject of mercantile taxes and make subject to the tax 'each retail vender of or retail dealer in goods, wares and merchandise,' without exemption of any kind, repealing 'all acts or parts of acts general, special or local, inconsistent' therewith of which the Act of 1870 was one": Com. v. Lutz, supra, page 187.

The same reasoning applies in the present case and requires us to affirm the judgment against appellant.

Judgment affirmed.