## Commonwealth *v.* Pennsylvania Heat and Power Company, Appellant.

Argued November 29, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

George P. Williams, Jr., of Orr, Hall & Williams, with him Madison S. DuBois, for appellant.

Edward Shippen Morris, with him E. Russell Shockley, Deputy Attorneys General, Guy K. Bard, Attorney General, and John A. M. McCarthy, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 9, 1939:

A case stated presents the question for decision on this appeal which is, whether defendant must pay the mercantile license tax imposed by the Act of May 2, 1899, P. L. 184, as amended by the Act of May 10, 1929, P. L. 1709, 72 PS Sec. 2621. Defendant sells and installs oil burners and their necessary parts and accessories. Its position is that, on those sales where the burners are installed, no liability for the tax arises under our decision in Commonwealth v. Lutz, 284 Pa. 184, 130 A. 410.

The case stated sets forth that appellant is engaged in the sale within the Commonwealth of oil burners, their parts and accessories, bought by it from a corporation of another State which manufactures them. In consideration of the sale, appellant agrees to install the burner in the purchaser's property. The sales in question were not made for personal or private installation.

In Commonwealth v. Lutz, the defendant was a plumber, and we held that, as to the part of his business which related to contracts wherein he furnished materials and labor, he was not required to pay a mercantile license tax. Here, appellant sells specific articles and as an incident and inducement to their sale agrees to install them. The language used in the Lutz case, which was the basis for the exemption from the tax, could not

48

be applied to appellant. We there said (p. 186):
"Plumbers and like artizans and craftsmen such as carpenters, bricklayers, stone masons, plasterers, etc., who contract to furnish labor and materials for an undertaking, either in its construction in the first instance, or its alteration or repair, are not within the scope of the mercantile tax act and are not comprehended within the term dealers, who are the persons from whom that particular impost is collectible. Such a craftsman, in the language of Mr. Justice BLACK *(Norris Bros. v. Com.,* 27 Pa. 494; see also *Com. v. Lowry-Rodgers Co.,* 279 Pa. 361) is not a dealer because he is 'not one who buys to sell again' in the sense in which merchants buy to sell." Appellant is not an artizan or craftsman. It is engaged chiefly in the business of purchasing oil burners and parts and reselling the articles purchased and, being thus engaged, is subject to the mercantile license tax.

Judgment affirmed.