Commonwealth *v*. Miller, Appellant.

Argued January 2, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Robert T. McCracken,* with him *Nochem S. Winnet* and *George G. Chandler,* for appellant.

*E. Russell Shockley,* Deputy Attorney General, with him *John E. Stevenson,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

Opinion by Mr. Justice Drew, February 1, 1940:

The sole question presented by this appeal is whether the appellant, a licensed optometrist, is a retail dealer within the meaning of the Mercantile License Tax Act of May 2, 1899, P. L. 184, as amended, to the extent that he sells glasses which he purchases from optical laboratories. Upon competent evidence, the learned court below found that appellant purchases the glasses he prescribes for his patients from manufacturing opticians, that he adds their cost in his bill for professional services, and that his total charge includes a profit on the glasses thus purchased and sold to his patients. The lower court very properly concluded that appellant is a retail vendor of such glasses and is, therefore, subject to the mercantile tax. This appeal challenges the correctness of that ruling.

We have in mind all we said in *Neill v. Gimbel Brothers, Inc.*, 330 Pa. 213, concerning the professional character of the practice of optometry. No attempt is made here to tax appellant upon moneys received for his professional services, which have been defined by the Act of March 30, 1917, P. L. 21, section 1, as "the employment of any means, other than the use of drugs, for the measurement of the powers of vision and the adaptation of lenses for the correction and aid of the vision of human beings." This should make it clear that the sale of glasses is no part of the professional services of an optometrist. The appellant testified that although the charges in the bills sent his patients were in a lump sum, covering his charge for the glasses and his charge for professional services, he was able to determine approximately the amount charged for the glasses and frames. It is conceded that appellant is not liable for payment of the tax with respect to any income derived from his professional services in examining and measuring the vision of the eyes, prescribing glasses, and fitting them after they are made. Counsel stipulated that should appellant be found liable for the tax as

a retail vendor, there is no dispute as to the amount of business upon which he was assessed, nor the amount of the tax bill.

There is no escape from the conclusion that appellant is liable for payment of the mercantile license tax on his business as a retail vendor. The sale of glasses properly belongs to the occupation of an optician and is not necessary to the practice of the profession of optometry. This court recognized the distinction between the profession of optometry and the trade of optician in *Neill v. Gimbel Brothers, Inc.,* supra, at page 216, where the present Chief Justice said: "The professional charges of optometrists are for examining the eyes, for prescribing glasses and for examining and fitting glasses after they are made. Prescriptions for glasses formulated by optometrists are filled by the patient's own optician or by an optician chosen by the optometrists."

We are not impressed by the argument that an optometrist who sells glasses and mountings is in the position of a dentist who sells bridgework, or of a doctor who supplies medicine to his patient. In these instances the Commonwealth has very correctly not attempted to collect the mercantile tax. The dentist makes molds and then out of raw materials, metals of various kinds, and artificial teeth, partly prepared for him in dental laboratories, plies them and creates them into structures to conform with the mouth and gums, to make them as nearly like the original teeth and settings which they are to replace. This involves scientific work, labor, and design on the part of the dentist, creating out of the necessary materials the finished product required by the patient, as a substitute for the natural teeth which he has lost. It constitutes a very large part of the personal work of a dentist. In the case of a medical doctor, it is quite obvious that the furnishing of medicine to a patient is an inherent part of a physician's professional services in the treatment of sickness and

disease. This is recognized by our statute defining and regulating the practice of medicine: Act of June 3, 1911, P. L. 639, section 1. The optometrist who orders glasses and frames from manufacturing opticians, according to selections made by his patients, and sells them, is engaging in a business, not at all necessary to his profession. He does not grind the lenses, nor put them into their fittings. He plays no part in making or creating them. They are handed to him by the maker and he simply hands them over to the patient, making any necessary adjustment to fit them to the head. No skill, scientific or otherwise, of the optometrist enters into the making or creation of the set of glasses.

Other analogous situations have been before this court with respect to the interpretation of this very Act. In *Com. v. Lutz,* 284 Pa. 184, while recognizing that craftsmen and artisans, such as plumbers, carpenters and stone masons are generally not "dealers" within the purview of the Act, because they do not buy "to sell again," we nevertheless held that where a plumber departed from the strict lines of his craft to sell materials such as any other dealer would, the mere fact of his being a plumber would not exempt him from the tax. In *Com. v. Dinnien,* 320 Pa. 257, we held that the sale of caskets, clothes, shrouds, and gloves was so entirely distinct from the essential functions of an undertaker as to subject him to liability for the mercantile tax upon such sales. Most recently, in *Com. v. Pennsylvania Heat and Power Company,* 333 Pa. 46, we held a corporation liable for a tax upon the sale of oil burners, their parts, and accessories, despite services performed by the corporation after the sale in installing the burners.

Likewise, in the present case, it is of no moment that appellant fits and adjusts the glasses after they are received from the manufacturer. He makes no real change in the glasses or frames as such. The impor-

tant point is that the work necessary to produce the glasses is entirely performed by the optical laboratory and the sale of the tangible chattel is readily separable from the essential professional service of the optometrist. The seller of such glasses has customarily been the retail optician, who has always been subject to the mercantile license tax. One cannot, therefore, invade the latter field of business, be a vendor of merchandise, and then claim immunity from the imposition of the mercantile tax merely because he happens also to be engaged in the profession of optometry.

Decree affirmed.