## Commonwealth v. Stemet

*Jerome R. Balka,* for Commonwealth.

*George W. Dunn, Jr.* and *Andrew M. Knowlton,* for defendants.

*Harry J. J. Bellwoar, Jr.,* for Guild of Prescription Opticians of Philadelphia.

CARROLL, P. J., October 2, 1959.—This prosecution was instituted under the Act of March 30, 1917,

P. L. 21, as amended, 63 PS §232, which provides as follows:

". . . it shall not be lawful for any person . . . to engage in the practice of optometry or to hold himself out as a practitioner of optometry, or to attempt to determine by an examination of the eye the kind of glasses needed by any person, or to hold himself out as a licensed optometrist when not so licensed, or to hold himself out as able to examine the eyes of any person for the purpose of fitting the same with glasses . . ."

The indictments were listed for trial on April 16, 1959, at which time both defendants signed a waiver of jury trial. All of the testimony on behalf of the Commonwealth and defendants was taken on that day. At the conclusion of the evidence defendants' attorneys requested that the matter be submitted to the court together with briefs which they desired to present, to which the district attorney agreed, whereupon the court deferred adjudication as to both defendants, allowing both sides 30 days within which to file briefs. On May 15, the last day for filing briefs, the Guild of Prescription Opticians of Philadelphia, by their attorney, Harry J. J. Bellwoar, Jr., Esq., requested the court to withhold its decision so that it could be represented and file a brief on behalf of its clients, which request the court granted. Defendants filed a brief on July 20 and the district attorney filed a brief on July 30. The Guild of Prescription Opticians of Philadelphia has not filed any brief or memorandum.

It should be noted that the district attorney indicated that he had desired to try the case on stipulation without the taking of any evidence.

The only question before the court is whether defendants, either one or both, are guilty under the evidence of violation of the act under which they were indicted and tried.

Since the statute charges a misdemeanor, it must be strictly construed, while giving effect to the intendment of the legislature: Commonwealth v. Woods, 136 Pa. Superior Ct. 326 (1939). We hold that the legislature, in promulgating this act, intended only to regulate the examination of the eyes for the purpose of ascertaining defects of vision correctable by the application of lenses and not the making of lenses to conform to existing prescriptions. The latter, being a purely mechanical function, constitutes the business of the optician and is not a professional function. See Commonwealth v. Miller, 337 Pa. 246 (1940). This view is confirmed by the legislative history which shows that the act in question was originally passed in response to Martin v. Baldy, 249 Pa. 253, 255 (1915), which drew this dichotomy. See also Neill v. Gimbel Brothers, Inc., 330 Pa. 213, 216 (1938).

We think that the case of Rosenthal v. O'Hara, 40 D. & C., 568 (1940), not dealing with a criminal prosecution is not on point. Further, the court in that case only held that in the context of an application for a corporate charter there was no clear showing that the business intended would not be exempt from the Optometric Act. This Rosenthal case presents a different situation from that before us where the precise operations performed by defendants were clearly set forth, and there can be no doubt as to what was or was not done.

It appears that the question before us is the broad one, whether defendants by measuring the curvature of the eye in order to grind contact lenses have violated the act under which they stand indicted. A consideration of all the evidence under the act leaves us with a reasonable doubt as to whether such a process comes within the category of a professional function and, having such doubt, we accordingly find defendants not guilty.