**STATE of Alaska, DEPARTMENT OF REVENUE, Appellant,**

v.

**DEBENHAM ELECTRIC SUPPLY CO., Appellee.**

**STATE of Alaska, DEPARTMENT OF REVENUE, Appellant,**

v.

**BERKHEIMERS, INC., Appellee.**

**No. 2105.**

Supreme Court of Alaska.

June 20, 1980.

Teo C. Spengler, Asst. Atty. Gen., Avrum M. Gross, Atty. Gen., Juneau, for appellant.

H. Russel Holland, Kenneth A. Norsworthy, Holland & Trefry, Anchorage, for appellee Berkheimers, Inc.

Thomas J. Yerbich, Wadsworth, Stanley & Yerbich, Anchorage, for appellee, Debenham Elec. Supply Co., Inc.

OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

MATTHEWS, Justice.

In this case we are called upon to determine whether AS 43.70.010(a)(5), which exempts certain gross receipts from the tax

imposed by the Alaska Business License Act,[1] applies to the Appellees' sales of electrical and roofing supplies and other building materials to construction contractors and sub-contractors.

AS 43.70.010(a)(5) provides:
The following gross receipts are exempted from taxation under this chapter:

.    .    .    .    .

(5) gross receipts of a resident wholesale firm registered in the state as a domestic corporation, or otherwise identifiable as a resident wholesaler, from sale of a finished product to dealers for resale to consumers, where the resale is subject to tax under this chapter;

■ The Alaska Business License Act does not define "dealer." The superior court held that as used in the ABLA, "dealer" is synonymous with the term "merchant" as defined by the Uniform Commercial Code.[2] We do not agree. Unless words have acquired a peculiar meaning, by virtue of statutory definition or judicial construction, they are to be construed in accordance with their common usage. *Lynch v. McCann*, 478 P.2d 835, 837 (Alaska 1970).[3] We agree with the State that the commonly used and understood meaning of the term

"dealer" is "one who buys to hold for sale."[4]

■ We are also in agreement with the State's view that this term excludes construction contractors and subcontractors. The occupation of a contractor essentially involves the rendering of a skill, and the materials that pass are incidental. As stated by the Illinois Supreme Court:

A contractor holds himself out to the public as having the skill and knowledge necessary to the construction of certain improvements. He does not represent himself as being engaged in the business of selling building material. . . . The purpose of the owner in seeking a contractor is to obtain a dependable one who possesses the skill, knowledge and experience necessary to the construction of the improvement at a contract price. Of the many articles used in the plaintiffs' industry, the contractor does not undertake to sell any to the owner except those which are essential to the completion of his contract. . . . The occupation of the contractor is the rendering of a service of skill  .  .  . .

*Material Service Corp. v. McKibbin*, 380 Ill. 226, 43 N.E.2d 939, 946–47 (1942).[5]

1. The gross receipts tax was repealed by ch. 144, § 5, SLA 1978, effective January 1, 1979.

2. UCC § 2–104 provides in pertinent part:
   (1) "Merchant" means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.

3. AS 01.10.040 provides:
   *Words and Phrases.* Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage. Technical words and phrases and those which have acquired a peculiar and appropriate meaning, whether by legislative definition or otherwise, shall be construed according to the peculiar and appropriate meaning.

4. *See, e. g., People v. Terkanian*, 27 Cal.App.2d 460, 81 P.2d 251 (1938); *City of Lewiston v.*

*Mathewson*, 78 Idaho 347, 303 P.2d 680, 683 (1956); *Commonwealth v. Lutz*, 284 Pa. 184, 130 A. 410 (1925). See also 25A C.J.S. *Dealer* 533 (1966); Black's Law Dictionary 359 (5th ed. 1979).

5. *Accord, State v. J. Watts Kearny & Sons*, 181 La. 554, 160 So. 77 (1934); *Albuquerque Lumber Co. v. Bureau of Revenue*, 42 N.M. 58, 75 P.2d 334 (1937); *Commonwealth v. Lutz*, 284 Pa. 184, 130 A. 410 (1925); *Commonwealth v. Gormly*, 173 Pa. 586, 34 A. 282 (1876). Cf. R.C. *Freeman v. Shannon Constr. Inc.*, 560 S.W.2d 732 (Tex.Civ.App.1977) (in a construction contract, dominant element is providing a service, not selling goods; therefore, transaction does not come under Article 2 of the Uniform Commercial Code, which covers "transactions in goods," UCC § 2–102). See also the definition of "contractor" set forth in AS 08.18.171(2):
   *Definitions.* In this chapter

   .    .    .    .    .

   (2) "contractor" means a person who, in the pursuit of an independent business, undertakes or offers to perform, or claims to have the capacity to perform, or submits a

We hold that the Appellees' sales to contractors and sub-contractors are not sales to dealers and therefore the gross receipts from those sales are not within the exemption provided by AS 43.70.010(a)(5).[6]

The judgment is REVERSED and the case REMANDED for further proceedings consistent with this opinion.

bid for a project to construct, alter, repair, move or demolish a building, highway, road, railroad, or any type of fixed structure, including excavation and site development and erection of scaffolding; a "general contractor" is a contractor whose business operations require the use of more than two distinct trades whose work the general contractor superintends; the terms "general contractor" and "builder" are synonymous; a "specialty contractor" is a contractor whose operations do not fall within the definition of "general contractor."

6. Our construction of the term "dealer" as not encompassing contractors and subcontractors is in accord with the longstanding interpretation of the term by the Department of Revenue. Prior to 1959, the Department enacted a regulation, 15 AAC 05.050(d), which specified that sales to contractors or subcontractors are includable as gross receipts and are not classified as sales to dealers. Two informal opinions of the attorney general in 1963 and 1968 confirm this interpretation. While a court may exercise its own independent judgment with reference to the interpretation of a statutory provision and is not bound by the department's interpretation, *Union Oil Co. v. Department of Revenue*, 560 P.2d 21, 23 (Alaska 1977); *State v. Aleut Corp.*, 541 P.2d 730, 737 (Alaska 1975), a court should give some weight to the administrative interpretation, and especially so if it is longstanding. Davis, Administrative Law of the Seventies § 5.06 at 163–65. This is particularly so where, as here, the statute has been reenacted without change subsequent to the promulgation of the administrative regulation. Davis, *id.*, § 5.07 at 165. As to the weight to be given attorney generals' opinions, *see Allison v. State*, 583 P.2d 813 (Alaska 1978).