Odis MOORE, Glee Ohlsson, A.C.M., and Corkey Ewan on behalf of themselves and all others similarly situated, Appellants,

v.

Helen D. BEIRNE, in her capacity as Commissioner of the Department of Health and Social Services; Robert London Smith, in his capacity as Commissioner of Health and Social Services; and Rod Betit, in his capacity as Director of the Division of Public Assistance, Appellees.

No. S–948.

Supreme Court of Alaska.

Feb. 28, 1986.

Carla A. Grosch and Joseph D. O'Connell, Alaska Legal Services, Anchorage, for appellants.

Dianne Olsen, Asst. Atty. Gen., Anchorage, Harold M. Brown, Atty. Gen., Juneau, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS and COMPTON, JJ.

OPINION

MATTHEWS, Justice.

At issue is the state's administration of "interim assistance" provided to certain presumptively disabled persons. Under Alaska's Adult Public Assistance statutes, a minimum of $280 a month is to be paid to aged, blind, or disabled persons while their eligibility for federal Supplemental Security Income benefits "is being determined." AS 47.25.455(a); AS 47.25.615(2). The state has been terminating interim assistance upon an initial determination of the

applicant's ineligibility for SSI. We hold that AS 47.25.455(a) requires payment of interim assistance until a final determination has been made.

Enacted in 1982, Alaska's Adult Public Assistance (APA) statutes, AS 47.25.-430–.615, consolidated separate programs for Old Age Assistance, Aid to the Blind, and Aid to the Permanently and Totally Disabled into one program. The statutory policy and purpose of the APA program is to furnish financial assistance to needy aged, blind, and disabled persons, and in doing so to cooperate and coordinate with federal agencies providing similar aid. AS 47.25.590. Federal aid is provided as Supplemental Security Income (SSI). 42 U.S.C. 1381–1385. The administration of state APA has been closely connected to federal SSI administration; for example, applicants for state aid must also apply for SSI and must meet SSI eligibility requirements. 7 AAC 40.030, .060. The state and federal definitions of "disabled" are virtually identical. AS 47.25.615(5), 42 U.S.C. § 1382c (a)(3)(A).

As the primary form of state aid under the APA statutes, adult public assistance is to be paid at a level that will provide recipients with a reasonable subsistence. AS 47.25.430(b).[1] Additionally, the APA statutes codify a practice of the state since 1978 of paying interim assistance to applicants for SSI. The department is to pay "at least $280 a month to a person eligible for [APA] assistance . . . while the eligibility for [SSI] benefits . . . is being determined." AS 47.25.455(a).[2]

The purpose of interim assistance is to alleviate hardship on applicants for SSI during the application period. Interim as-

sistance payments are granted after a preliminary examination of the applicant by a physician or psychiatrist. 7 AAC 40.180. After the APA statutes were enacted the state promulgated a regulation providing that interim assistance would end upon receipt of an initial SSI determination of ineligibility. 7 AAC 40.190(a).[3]

This case is a consolidation of four separate challenges to the state's administration of interim assistance. The first two, brought by Odis Moore and Glee Ohlsson in 1981, challenged on statutory and constitutional grounds the amount of interim assistance provided to applicants. While these were pending the APA statutes were enacted. Subsequently A.C.M. sued for declaratory and injunctive relief and Corkey Ewan appealed an adverse administrative decision. Both challenged on various statutory and constitutional grounds the regulation requiring termination of interim assistance upon an initial determination of ineligibility for SSI. The cases were consolidated in 1984. The parties filed cross-motions for summary judgment; the state was granted summary judgment in each case. An injunction pending appeal provided that appellants and other recipients of interim assistance were to continue to receive interim assistance until a final determination of eligibility for SSI was made.

On appeal Moore, et al. (Moore) argue that termination of interim assistance upon an initial denial of SSI benefits violates AS 47.25.455(a); that the APA statutes and due process require a meaningful hearing prior to termination of interim assistance; that payment of interim assistance in an amount less than full APA disability bene-

---

1. The full need standard is $586.00 per month. 7 AAC 40.370.

2. AS 47.25.455(a) provides:
   The department shall pay at least $280 a month to a person eligible for assistance under this chapter while the eligibility of the person for benefits under 42 U.S.C. 1381–1385 (Title XVI, Social Security Act, Supplemental Security Income Program,) is being determined. Payments in excess of $280 a month may be made under this section if the depart-

ment determines that money is available for excess payments.

3. 7 AAC 40.190(a) provides:
   An otherwise eligible applicant who is found to be disabled under 7 AAC 40.180 will receive interim assistance under 7 AAC 40.370 without further review of the initial disability determination. Interim assistance will end upon receipt of the Social Security Administration's first finding of eligibility or ineligibility for SSI benefits.

fits violates equal protection guarantees; and that a regulation setting the amount of interim assistance at $280 violates AS 47.-25.455.

TERMINATION OF INTERIM ASSISTANCE

The legislature specified that interim assistance is to be paid while eligibility for SSI "is being determined." The crucial question is: what did the legislature mean by "is being determined"?

In attempting to ascertain the meaning of a statute we look first to the language of the statute, viewed in light of the purpose of the enactment. *Commercial Fisheries Entry Commission v. Apokedak*, 680 P.2d 486, 489–90 (Alaska 1984). From this starting point a reference to the legislative history may be helpful in determining the statute's meaning. *City and Borough of Sitka v. International Brotherhood of Electrical Workers*, 653 P.2d 332, 336 (Alaska 1982).

The phrasing of the statute—interim assistance is to be paid while SSI eligibility "is being determined"—suggests an intention to mandate payments during an ongoing determination process and to allow payments to cease only when eligibility is no longer being determined.

The legislative history tends to support this view. Testimony before the Alaska Senate's Health, Education and Social Services (HESS) Committee outlined a lengthy process of appeals from initial determinations of SSI ineligibility. From an initial decision of ineligibility, the applicant can request a reconsideration. If he is dissatisfied with the reconsideration determination he can appeal to an administrative law judge with further appeal to an appeals council and ultimately to the federal courts.

*See* 20 C.F.R. § 416.1400. The testimony was that an appeal through the administrative law judge level could take as long as 23 months, and at each level there had been a substantial percentage of reversals.[4] Committee members expressed concern about the hardship inherent in this system.

The parties have agreed that the legislature did not intend to change the pre-existing practice concerning termination of interim assistance. Thus it becomes significant to determine what the legislature understood the pre-existing practice to be. The record indicates that the legislators believed that the state was paying interim assistance until a final determination of ineligibility for SSI benefits was made. Rod Betit, Director of the Division of Public Assistance, told the Senate HESS Committee, "[W]hat we are doing is operating interim assistance for lack of better words, in giving people benefits pending a final decision from the Social Security Administration on their applications." The attorneys for appellants had proposed that the state pay not only interim assistance, but full benefits pending the ultimate determination of eligibility. To this position Betit answered: "We can pay our share of it but we can't pay all of it and then run the liability for the portion that we won't get back from the federal government because of the eventual denial ..." which, as Betit pointed out, could take "up to twenty-three months while they are awaiting a final determination from the federal government." Betit's references to the final decision, the eventual denial, and the twenty-three month wait could only have referred to the final decision of SSI eligibility.[5] We conclude that the legislature understood the status quo to be payment of interim

---

4. At the time of the hearing an estimated 10% to 25% of the cases taken to the reconsideration level were reversed and 40% of the cases taken to the administrative law judge level were reversed.

5. In addition, a document in the committee's files on this legislation states, "Those applying for SSI wait from 6 months to two years for

final determination, and the state has been making interim payments of the state supplement...." As we noted elsewhere, the common usage of "final determination" is to denote a determination which is not subject to further change. *Kalmakoff v. State, Commercial Fisheries Entry Commission*, 697 P.2d 650, 652 (Alaska 1985).

assistance until a final SSI eligibility decision was made.[6]

We turn briefly to the purpose of the interim assistance statute. The state relies heavily on the nature and purpose of the APA program as a supplement to the federal SSI program. Essentially it argues that since the legislature intended that APA would be a supplement to, and coordinated with, SSI, termination of interim assistance upon an initial SSI determination is consistent with the statute and is within the discretion conferred therein. We disagree. While a primary purpose of the APA legislation was to bring the statutes into conformity with the SSI program, the legislature also for the first time made interim assistance payments mandatory. The clear purpose of the interim assistance statute was to remove interim assistance from the state's discretion and make payments in accordance with the statute mandatory.[7]

■ In sum, considering the text of AS 47.25.455(a), its purpose, and its legislative history, we hold that the statute requires state payment of interim assistance through the SSI appeals process until a final SSI eligibility determination is made administratively. Because we so hold, we do not reach the question of whether the state's reliance on the Social Security Administration's initial determination of SSI ineligibility, without allowing a pre-termination hearing, violates Alaska statutes or Alaska due process protections.

## AMOUNT OF INTERIM ASSISTANCE

■ Moore argues that the equal protection clause of the Alaska constitution requires the state to pay the same amount to recipients of interim assistance as it pays to recipients of adult public assistance who have been found disabled and eligible for SSI.[8] This argument is without merit. The equal protection clause is concerned with government classifications that distinguish between persons who should be regarded as similarly situated. *Alaska Pacific Assurance Co. v. Brown*, 687 P.2d 264, 271 (Alaska 1984); L. Tribe, *American Constitutional Law* § 16–1 at 993 (1978). An applicant for adult public assistance who has been found eligible to receive interim assistance and one who actually has been determined to be disabled, and thus eligible for the full measure of adult public assistance, are not similarly situated. The former merely has demonstrated some likelihood of meeting the statutory criteria for eligibility by submitting a form signed by the applicant's physician; at this point the evidence is not evaluated and no determination is made. The latter has undergone a full disability determination consisting of an evaluation of all factors affecting the applicant's potential for employment, including not only medical factors, but also age, education, work history, employment prospects, and the like.

■ Finally, Moore contends that 7 AAC 40.370(c), which specifies that "the amount of interim assistance provided in any month

6. The state argues that in fact the status quo was that interim assistance was terminated upon an initial ineligibility decision. This is contested by appellants, and would not in any event be as important as what the legislature believed the practice to be. The focus of our inquiry is on the legislature's intent rather than the state's practice. Based on the record before us, we conclude that the legislature understood the status quo to be that interim assistance was being paid until a final SSI determination, and intended *this* practice would continue.

7. This is especially apparent considering an amendment proposed by the state which would have allowed it to contract to have the federal government administer all state aid to the disabled through the federal SSI program. This arrangement would have eliminated state interim assistance altogether. The legislature rejected this plan and opted to make state payment of interim assistance mandatory.

8. AS 47.25.430(b) provides in relevant part:

The department shall determine the amount of assistance with regard to the resources and needs of the person and the conditions existing in each case. Assistance shall be in an amount that will provide the applicant with reasonable subsistence compatible with decency and health in accordance with standards established by the department and with the standards established under 42 U.S.C. 1381–1385 (Title XVI, Social Security Act, Supplemental Security Income Program).

*Compare* AS 47.25.455(a), *supra* footnote 1.

is $280 per eligible individual," violates AS 47.25.455(a), which allows "[p]ayments in excess of $280 a month ... if the department determines that money is available for excess payments." While it might be a bit cumbersome for the state to amend its regulation should it opt to make payments in excess of $280, the regulation is within the discretion accorded by the statute. Moreover, the record indicates the state has regularly reviewed the availability of funds and has not found excess funds available for purposes of AS 47.25.455.

The judgment of the superior court is REVERSED.

MOORE, J., not participating.