Shelburne Sportswear, Inc. *v.* Philadelphia,
Appellant.

Argued June 18, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, and JACOBS, JJ. (HOFFMAN, J., absent).

*Levy Anderson,* First Deputy City Solicitor, with him *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellant.

*Richard B. Malis,* with him *Malis, Malis & Malis,* for appellee.

OPINION BY MONTGOMERY, J., September 16, 1965:

This appeal is by the City of Philadelphia from an order of the Common Pleas Court No. 6 of Philadelphia County reversing the decision of the Tax Review Board of Philadelphia County which had affirmed an assessment of appellee for taxes under the Mercantile License Tax Ordinance of the City of Philadelphia for the years 1959 and 1960.[1]

Appellee is a Pennsylvania business corporation organized on May 24, 1954, for the purpose of engaging in certain kinds of knitting operations characterized as "full-fashioned". It has issued shares of stock; it has a Board of Directors and officers; it has one or more bank accounts; it owns property such as the knitting machinery used in its operations; it rents space for its facilities; it employs and pays labor; it pays for repairs to its machinery and for spare parts and for certain supplies used in its operations; during one year here involved, it paid a salary to its president. It performs its operations solely for Clover Knitting Mills, Inc., an affiliate, having the same stockholders owning their shares in the same relative proportions and the same directors and officers. In so doing it takes yarn

---

[1] The appeal was first taken to the Supreme Court which, by order filed March 16, 1965, remitted the matter to this Court.

supplied by Clover and knits it into unfinished garments such as "sweater bodies". The sole source of current receipts, except for a minimal amount from sales of knit goods to employes, is Clover Knitting Mills, Inc., and the amount of such receipts is not based on a unit or other fixed price but is determined generally by the persons in control of both corporations to provide appellee with sufficient funds to meet its expenses. It has filed Federal and Pennsylvania tax returns as a separate corporation entity annually since its organization and has filed a Philadelphia Mercantile License Tax return since its organization. No assessment was made for the years 1956, 1957 and 1958 when operations and receipts were on the same basis as in 1959 and 1960, but appellee reported all receipts from Clover as part of the tax base for the three earlier years and paid the tax computed thereon whereas such receipts were excluded in 1959 and 1960. In 1960 the exclusion of such receipts from Clover from the tax base was claimed on the theory that they were receipts from goods delivered to the other party to the transaction outside the City of Philadelphia although it is admitted that all products resulting from appellee's operations for Clover are delivered to Clover in the same building in which appellee is located and Clover makes all sales to third parties, with the minimal exception noted above.

We have discussed the law on this subject at some length in *Kungsgaten, Inc. v. Philadelphia*, 206 Pa. Superior Ct. 343, 213 A. 2d 90, in an opinion to be filed herewith, and on the basis of same we conclude that the appellee, Shelburne Sportswear, Inc., was not motivated by the hope of gain or profits for itself in conducting the activities previously set forth. For that reason it was not subject to the Philadelphia Mercantile License Tax on its gross receipts.

352

Order affirmed.

WRIGHT, J., concurs in the result.

---

CONCURRING OPINION BY JACOBS, J.:

I concur in the result for the reason set forth in my concurring opinion in *Kungsgaten, Inc. v. Philadelphia*, 206 Pa. Superior Ct. 343, 213 A. 2d 90 (1965).

FLOOD, J., joins in this opinion.